## JOSEPH W. DALE *vs.* WILLIAM G. HARRIS.

In an action by a servant against his master for slander in accusing him of theft, in which the defendant set up that the accusation was a privileged communication, the judge ruled that statements concerning the alleged theft, made in good faith to the plaintiff, or to a police officer, or to a neighbor who had spoken to the defendant about hiring the plaintiff, were not actionable, if made to such persons alone, the defendant taking reasonable care that he should not be heard by others; and the judge also stated correctly to the jury the rules of law as to proof of malice. *Held*, that the defendant had no ground of exception.

A bill of exceptions to the refusal of a ruling cannot be sustained, if it fails to show that there was any evidence which rendered that ruling necessary in addition to other rulings which were given.

TORT for slander in accusing the plaintiff of larceny. At the trial in the superior court, before *Rockwell*, J., it appeared that the defendant, who lived in Boston, kept a shop in Lowell for the sale of dry goods, in which he employed the plaintiff and two other persons as clerks ; and that, having discovered, as he believed, a loss of $1800 in the shop, he told Bickford Lang, the city marshal of Lowell, of his supposed loss, and went with him to the shop, where all the clerks then were. Lang having been called as a witness, the judge ruled that " statements made to an officer alone, not in the presence and hearing of others, for the purpose of an investigation of a case of this kind, should not be given in evidence ; but that statements made to and about the

plaintiff, in the presence and hearing of others as well as of the officer, might be given in evidence; and that the evidence should be introduced in conformity with this statement of the law."

It appeared, from the testimony of Lang and other evidence, that Lang and the defendant made some investigations at the shop; that Lang told the defendant that he did not think there was sufficient ground to arrest the plaintiff; that the defendant then said to Lang that he supposed there was no objection to his telling the plaintiff what he thought of him; that Lang said there was not; and that the defendant then said to the plaintiff, in the presence of Lang and of the other clerks, "I believe you are the greatest thief in the world."

Levi Brown testified that he was at the head of the police department in Lowell, and that the defendant said to him: "Look this thing over; I have made up my mind that Dale is a thief and stole my goods; find out what you can."

It also appeared that, some days before, one Skinner, a dry goods merchant in Lowell, had spoken to the defendant about hiring the plaintiff; that, after the investigation at the shop, the defendant, with one of the other clerks, named Pike, stopped at Skinner's shop, told him of the loss, and that he thought Dale was knowing to it or had something to do with it, and (as the defendant testified) requested Skinner not to say anything about it. Skinner testified that he always understood that the conversation between the defendant and himself was strictly confidential. Pike testified that he heard a part of the conversation between the defendant and Skinner; and there was also testimony in relation to two girls being present at the time in Skinner's shop.

The statement of the defendant at his own shop, and the statements to Brown and Skinner, were the words relied upon by the plaintiff at the trial, and there was no other evidence of any charge by the defendant against the plaintiff except these.

The defendant requested the judge to give to the jury the following instructions, except the parts in brackets:

"1. If the defendant did not charge the plaintiff with stealing, but only stated to him [alone, taking reasonable care it should

not be heard by others,] while in his employ, that he had lost $1800 worth of goods or money, and he believed the plaintiff had taken it, such language would not be actionable, if the defendant, in point of fact, had lost the property, and honestly believed what he stated to be true, and made such statements in good faith, without malice, and with a hope of obtaining a redress of his injuries.

" 2. If the defendant honestly believed that the plaintiff had stolen his property, and so said to him [alone, taking reasonable care it should not be heard by others,] while in his employ, without malicious intent, the plaintiff cannot recover.

" 3. If the defendant honestly believed that the plaintiff had stolen his property while in his employ as clerk, and privately and confidentially and without malice communicated his suspicion to a neighboring tradesman who was talking of employing such clerk, such communication was a privileged one and furnishes no ground of action.

" 4. If the defendant lost his goods or money while the plaintiff was in his employ as clerk, and caused the matter to be investigated by the city marshal, and, while so investigating, and as a part of the investigation, and in presence of the city marshal and clerks in the shop, told the plaintiff that he believed he had taken the goods or money, such communication was privileged and furnishes no ground of action."

The judge refused to give the instructions as prayed for; but gave the first and second with the addition of the words in brackets, declined altogether to give the fourth, and in place of the third instructed the jury as follows : " In regard to what was said by the defendant to Skinner, a neighbor, in the same mercantile business with himself, if the defendant knew that Skinner proposed to hire the plaintiff as clerk, and privately, to Skinner alone, stated facts which he knew or believed to be true, without making the charge of larceny, and, honestly believing that the plaintiff had stolen his property, cautioned Skinner not to hire him, he is not liable in this action. But this is not so, if a charge of larceny was there made in the presence of other persons."

" The judge gave full instructions to the jury covering these points, and said that it might not have been possible at the trial to exclude all testimony which was intended to be excluded; that if that had not been done the jury could not regard the testimony which the following ruling would exclude, namely, that no testimony was to be admitted or regarded of declarations made by the defendant to an officer of the law, like the marshal and the police officer, if made to them confidentially, for the purpose of ascertaining the truth, whether or not the plaintiff was present, no other persons being present, or if the defendant had taken reasonable care that no persons, other than himself, the plaintiff and the officer, should be within hearing of the statements uttered; and that the same principle must be applied to the evidence in regard to the statements to Skinner."

The jury returned a verdict for the plaintiff for $2100 damages, and the defendant alleged exceptions.

*H. D. Hyde,* for the defendant.

*T. H. Sweetser,* (*W. S. Gardner* with him,) for the plaintiff.

COLT, J. In an action for slander, malicious intent is an inference of law which arises from the speaking of the words alone, whenever the words spoken are in themselves actionable. This inference is rebutted when the occasion and circumstances of the speaking are such as to exclude the idea of malice, as when the communication was made in good faith, in the performance of a duty, and with the honest and reasonable purpose of protecting the interest of the party using the words. When that is the case, the plaintiff must prove malice in fact, or he fails to establish a necessary element in his cause of action. It is a question for the court, whether the statement, if made in good faith and without malice, is thus privileged. But the plaintiff has the right, notwithstanding the privileged character of the communication, to go to the jury, if there be evidence tending to show actual malice, as when the words unreasonably impute crime, or the occasion of their utterance is such as to indicate, by its unnecessary publicity or otherwise, a purpose wrongfully to defame the plaintiff. *Brow* v. *Hathaway,* 13 Allen, 239. *Somerville* v. *Hawkins,* 10 C. B. 583. *Gassett* v. *Gilbert,* 6 Gray, 94.

These are elementary principles ; and, looking at this case as it appears upon the exceptions, we cannot say, upon the whole, that the jury were not correctly instructed in their application to the facts, or that any necessary instruction was omitted. The defendant claimed exemption from liability, on the ground that his statement was privileged ; and asked several instructions with reference to it. It is stated that full instructions were given on these points, but those instructions are not reported. It is evident that the whole history of the trial is not before us, and we must presume that the familiar rules of law as to proof of malice were stated in a manner not open to objection. Taken in connection with these rules, neither the first nor the second instruction asked for, as modified by the judge, is erroneous. The instruction which was given in place of the third instruction re quested embraced all the elements desired by the defendant, and, as applied to the evidence reported, was certainly sufficiently favorable to him. In reference to the fourth instruction asked, we do not see any evidence in the case which made it necessary to give it in addition to the other instructions to the jury which were given. *Exceptions overruled.*