MINA HUPFER vs. JACOB S. ROSENFELD.

Berkshire.     September 11, 1894. — October 17, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Slander — Burden of Proof — Privilege — Questions for Jury — Good
Faith and Actual Malice.*

At the trial of an action for slander it appeared that the defendant, whose goods
had been stolen and who was trying to find the thief, made charges against the
plaintiff in the presence and hearing of two other witnesses. *Held,* that the case
could not be withdrawn from the jury on the ground that the words were
privileged by the occasion. *Held, also,* that the plaintiff was entitled to go to
the jury upon the questions of the defendant's good faith in making the charges,
and of his actual malice.

TORT, for slander and for an assault and battery. No question arose under the count for assault and battery. The count for slander alleged that " the defendant, on or about February 16, 1893, publicly, falsely, and maliciously accused the plaintiff of the crime of larceny by words spoken to, of, and concerning the plaintiff substantially as follows : ' You (meaning plaintiff) were the last one in my (meaning the defendant's) store, you (meaning the plaintiff) have stolen my (meaning the defendant's) coat, and you (meaning the plaintiff) must have it '; ' You (meaning the plaintiff) have stolen my (meaning the defendant's) coat, you (meaning the plaintiff) must have it '; ' I (meaning the defendant) wish you (meaning the plaintiff) had not come into my (meaning the defendant's) store, for then I would still have my (meaning the defendant's) coat '; ' You (meaning the plaintiff) must have the coat, you (meaning the plaintiff) have stolen the coat '; ' You (meaning the plaintiff) have stolen the coat; you (meaning the plaintiff) must have it.' ' "

At the trial in the Superior Court, before *Richardson,* J., the defendant requested the judge to dismiss the action, as the plaintiff had failed to sustain the burden of proof. The judge ruled that there was evidence for the consideration of the jury, and that it was for them to determine whether the plaintiff had sustained the burden of proof, and instructed the jury in a manner not objected to by either party.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. J. Nelligan,* for the defendant.

*E. M. Wood & G. A. Prediger,* for the plaintiff, were not called upon.

ALLEN, J.   The only question presented by the bill of exceptions is whether the court should have ruled, as matter of law, that the plaintiff had failed to sustain the burden of proof as to the count for slander; and it is very clear that the court was right in refusing so to rule.   Two witnesses besides the plaintiff herself testified to the speaking of the defamatory words in their presence and hearing.   The defendant now contends that the words were privileged by the occasion.   The case, however, could not. be withdrawn from the jury on this ground.   If the defendant's goods had been stolen, and if he was trying to find the thief, the plaintiff was nevertheless entitled to go to the jury upon the question of his good faith in making the charge against her, and also upon the question of his actual malice.   *Swan* v. *Tappan,* 5 Cush. 104.   *Brow* v. *Hathaway,* 13 Allen, 239.   *Dale* v. *Harris,* 109 Mass. 193.   *Billings* v. *Fairbanks,* 139 Mass. 66.

*Exceptions overruled.*