SUSAN GRINDALL vs. FIRST NATIONAL STORES INC.
(and a companion case [1]).

Suffolk.    October 8, 1953. — December 2, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Libel and Slander.    Malice.    Evidence,* Relevancy and materiality, Of
malice.

In an action for slander consisting of statements made by the manager
of a store accusing the plaintiff of larceny from the store while em-
ployed as one of its cashiers, a finding of express malice precluding
the defence of alleged privilege was warranted by evidence that the
manager "didn't like" a complaint previously made by the plaintiff
to her labor union about her hours of labor, used a loud voice in making
the accusation, and gave unnecessary publicity to it by making it in
the presence of customers as well as other employees.    [559]

At the trial of an action for slander consisting of statements made by the
manager of a store accusing the plaintiff of larceny from the store
while employed in it, evidence of the plaintiff's failure to seek redress
within her union beyond a grievance hearing which was held, of a con-
versation between her and a union official about her going further
within the union, and of her knowledge that it was not the manager's
custom to search bundles which employees took home was properly
excluded as immaterial.    [559–560]

On the issue of malice on the part of the manager of a store in slandering
an employee by accusing her of larceny from the store, evidence of
words and conduct of the manager at a grievance hearing a few days
after the alleged larceny was admissible.    [560]

TWO ACTIONS OF TORT.    Writs in the Superior Court
dated September 20, 1949.

The actions were tried before *Brogna, J.*

*Saul L. Kaplan,* for the defendants.

*George P. Lordan,* for the plaintiff.

LUMMUS, J.    These actions of tort for slander were begun
by writs dated September 20, 1949.    The plaintiff worked
for the defendant First National Stores Inc. as a cashier in

---

[1] The companion case is by the same plaintiff against Joseph Sullivan.

one of its stores, of which the defendant Joseph Sullivan, otherwise called John Joseph Sullivan, was the store manager. Customers took what goods they wished, and brought them to one of the cashiers, who made a slip showing the purchase for the customer and another for the cash register, received payment, and rang up the amount on the cash register, giving the customer the goods purchased. A rule of the store was that a cashier who bought goods should not act as cashier as to his or her own purchases. It was the duty of the manager, as the plaintiff knew, to try to collect payment for any merchandise that left the store.

There was evidence tending to prove the following facts. On January 24, 1949, the plaintiff bought candy bars to the amount of 92 cents, and paid the price to another cashier. She did not work on the following day, but returned to work on January 26, 1949. Sullivan told her that she did not pay for the candy bars, and that she stole them. Two other cashiers, when asked, said that they had not rung up any such purchase. The plaintiff said that if there was any question she would pay then. Sullivan answered, "No you won't, that is just another sign of your guilt." That was in the back room. Afterwards they came out into the main store, and she told him she was going to the labor union, because she did not think he could fire her like this. He screamed and yelled that she took the candy and that she was fired. The other cashiers and customers were present, and could hear him. The voice he had used in the back room was also "pretty loud."

About three or four weeks before January 24, 1949, the plaintiff had discussed with Sullivan her hours of labor. He said that someone had complained to the labor union. The plaintiff said that she was the one. Sullivan told her that he "didn't like it."

A few days after January 24, 1949, there was a grievance hearing about the alleged theft, at which the plaintiff, Sullivan, a labor union representative, and two representatives of the store were present. At that hearing Sullivan said that the plaintiff had taken candy and had not paid for it.

He said that for 92 cents she did not have to steal candy bars. Sullivan was very excited and talked quite loud. The hearing was held at the request of the plaintiff, who was a member of the labor union.

The jury returned verdicts for the plaintiff against each defendant. The cases come here on the exceptions of the defendants.

The defamatory statements were accusations of crime, and actionable. *Pihl* v. *Morris*, 319 Mass. 577, 580. But the defendants contend that what was said by Sullivan was privileged. If so, the defendants would be liable only for statements made with express malice. *Bradley* v. *Heath*, 12 Pick. 163. *Sheckell* v. *Jackson*, 10 Cush. 25, 26. *Robinson* v. *Van Auken*, 190 Mass. 161, 166. *Bander* v. *Metropolitan Life Ins. Co.* 313 Mass. 337, 343 et seq.

We think that there was evidence of express malice. For one thing, there was evidence that Sullivan "didn't like" the complaint made by the plaintiff to her labor union about her hours of labor. Moreover, the loud voice used by Sullivan in accusing the plaintiff of larceny, and the unnecessary publicity given to his accusation by its being made in the presence of customers as well as other employees, were evidence of malice. *Brow* v. *Hathaway*, 13 Allen, 239, 242. *Dale* v. *Harris*, 109 Mass. 193, 196. *Hupfer* v. *Rosenfeld*, 162 Mass. 131. *Robinson* v. *Van Auken*, 190 Mass. 161, 166. *Christopher* v. *Akin*, 214 Mass. 332, 334. Restatement: Torts, § 604. We think that the judge was right in denying the motions of the defendants for directed verdicts in their favor.

The exception of the defendants to the exclusion of a question whereby the defendants sought to show that the plaintiff did not attempt to go beyond the grievance hearing in an attempt to redress her wrongs within the labor union cannot be sustained. She was under no obligation to go farther in the union. Likewise immaterial was the proposed evidence that a labor union official told the plaintiff that if she went farther any arbitrator would have to decide against her on the evidence, and that she replied, "I guess

there is nothing further I can do. The evidence is stacked against me." There was no error, either, in the exclusion of evidence that the plaintiff knew that it was not the custom of the store manager to search bundles which employees took home with them at night. His custom had no bearing on the issues. See *Luiz* v. *Falvey,* 228 Mass. 253, 255. And we see no error in admitting evidence of what was said at the grievance hearing. All the conduct of Sullivan was admissible on the issue of malice. *Conroy* v. *Fall River Herald News Publishing Co.* 306 Mass. 488, 493.

*Exceptions overruled.*