PACKAGE MACHINERY COMPANY *vs.* COMMONWEALTH. March 7, 1963. Exceptions overruled. This is a petition for the assessment of damages under G. L. c. 79 for the taking of a portion of the petitioner's land and buildings in Worcester. The case was tried to a jury. The case is here on the respondent's exceptions. An exception was lodged at the exclusion by the trial judge of testimony on the amount of Federal and State documentary stamps on a deed of the premises, part of which was taken. This deed was given (prior to the taking) to the petitioner by a corporation almost wholly owned by it. The judge ruled that the deed was not the

product of an "open sale . . . in the open market" and properly excluded the evidence in the exercise of his sound discretion. *Burley* v. *Old Colony R.R.* 219 Mass. 483, 484–485. There was a group of exceptions to questions directed in cross-examination to the respondent's expert. He was asked to assume, in his computation of fair market value after the taking, the assessed valuation and the tax bill on that part of the petitioner's property then remaining. In estimating the value of the taking on the basis of the capitalization of net income, he had earlier testified that expenses after the taking, including the deduction for taxes, remained exactly as they were prior thereto. The judge allowed the line of questions and at the same time instructed the jury that evidence of the assessed valuation after the taking was being allowed "only for the limited purpose of confronting this witness with a different figure on the valuation than he has otherwise testified to in his direct examination." Similar testimony by an assessor of Worcester offered also for the limited purpose of testing the assumptions of the expert was admitted subject to exception. At the conclusion of the trial the judge properly instructed the jury on the introduction of assessed valuations as evidence of fair market value in accordance with G. L. c. 79, § 35. There was no error. The questions answered by the expert and the assessor were asked for the purpose of testing the valuation placed by the expert on the land taken and the evidence was thus admissible even though it could not be received as evidence of the fair market value of that land. *Whipple* v. *Rich,* 180 Mass. 477, 479. *Leonard* v. *Boston Elev. Ry.* 234 Mass. 480, 483. There is no merit in the remaining exception taken.

*Burton F. Berg,* Assistant Attorney General, for the Commonwealth.
*Frederick S. Pillsbury* for the petitioner.