*Western District*

**RAYMOND F. LUCIA d/b/a
LUCIA LUMBER COMPANY**

**v.**

**MARGARET GONYEA**

Argued: Dec. 17, 1969 - Decided: Feb. 19, 1970.

*Present:* Garvey, P.J., Allen, Dudley, J.J.

Case tried to *Griffin, J.,* in the District Court of Springfield No. 189200

*Allen, J.* This is an action of contract to recover for merchandise sold and delivered according to an account annexed. The defendant's answer was a general denial and payment.

The court found for the plaintiff, and the defendant claimed a report.

*Before the trial it was stipulated that:*

Margaret Gonyea, the defendant, is the widow of Norbert Gonyea, who died on June 24, 1966 and that prior to his death, they owned jointly as tenants by the entirety, a summer home in Goshen, Massachusetts and by operation of law she became sole owner of said property upon her husband's death, June 24, 1966. That Raymond F. Lucia, the plaintiff, does business as Lucia Lumber Company and that his business furnished lumber products, which were used to build a room, garage and roof on said summer house aforesaid.

The defendant's late husband picked up some

of the materials subject of this action at the plaintiff's place of business on May 17, 1966, and May 27, 1966. The plaintiff's firm delivered some of the supplies on June 8, 1966 and June 16, 1966. The defendant and her son picked up some of the supplies on July 2, 1966, on July 22, 1966 and on August 13, 1966. All of these supplies were used to build a room, garage and roof on said summer house.

A credit for $185.00 was due from the total of $1,598.25 because of a debt due Norbert Gonyea from the plaintiff.

A notice of claim was filed by the plaintiff against the Estate of Norbert W. Gonyea in the Hampden County Registry of Probate.

The defendant did not order any lumber products from the plaintiff and did not receive any bills until August 6, 1966, which is after the date of the death of her husband. Prior to that time, all bills sent by the plaintiff were made out to the defendant's husband and sent to his office. At no time prior to her husband's death did the plaintiff make demand upon the defendant for payment.

*At a trial there was evidence to show:*

The defendant was present with her late husband during the negotiation for the purchase of the lumber and she said that she would leave the decision up to him in this regard. The materials were not used until after the husband's death.

The judge made the following "Special Findings of Fact":

> "I find that the defendant knew of and acquiesced in the transaction between her husband and the plaintiff and that she adopted and ratified her husband's act. The defendant's husband acted as her agent in the purchase of the material from the plaintiff."

There was no error.

The determination of to whom was extended credit is an issue of fact, not a question of law. *Powers* v. *Macris*, 314 Mass. 260, 262. *Niles* v. *Adams*, 208 Mass. 100, 103. *James* v. *Spaulding*, 4 Gray 451, 452. *Hilliard* v. *You-Do-It Electronics Center, Inc.*, 20 LEGALITE 423.

The judge's findings are conclusive if there is evidence to support them. *Scire* v. *Scire*, 348 Mass. 768. *Glazier* v. *Andrews*, 349 Mass. 417, 418, 419.

Although the marital relationship alone is not enough to establish agency, "The fact, however, need not be established by direct evidence that she appointed him her agent to transact the business in question or that she admitted the agency, because it is enough to show that he was acting in her behalf and for her benefit with her consent and knowledge or that upon learning of his conduct she adopted and ratified it. In this respect the marital relation becomes an important factor in determining whether she knew and acquiesced in what he was doing

with reference to her property. If she permitted him to act as her agent, then silence will not shield her from liability to those who dealt with him on a matter which she allowed him to transact for her. The existence of an agency between husband and wife frequently rests upon various circumstances and usually presents a question of fact." *Gordon* v. *O'Brien,* 320 Mass. 739, 741, 742. *Sztramski* v. *Spinale,* 332 Mass. 500, 503. *Aluminum Smelters, Inc.* v. *Twombly,* 330 Mass. 557, 582.

The fact that the seller's invoice was made out in the name of one party as a buyer is not conclusive and does not prevent a finding, the credit was extended to another. *LiDonni, Inc.* v. *Hart,* 355 Mass. 580, 583.

There was ample evidence to support the judge's finding and there was no error in the denial of the defendant's requests for rulings of law (a) that a finding for the defendant was required as a matter of law (b) that a finding for the plaintiff was not warranted.

*This report is to be dismissed.*

OWEN S. CLARK
    of Springfield for the plaintiff.
COHEN, DONAHUE & ROSENTHAL
    of Springfield for the defendant.