ANTHONY R. CASAMASINA, individually and as administrator, *vs.* WORCESTER TELEGRAM & GAZETTE, INC. & another. March 15, 1974. The plaintiff appeals from orders sustaining demurrers, without leave to amend, to his declaration in an action of tort against a newspaper

and a county medical examiner. The declaration contains six corresponding counts against each defendant, four of which are brought by the plaintiff, individually, and two by him as administrator of the estate of his deceased minor daughter. While each count asserts a different basis of liability (or combination of such bases), they all allege damages arising from the paper's publication and the defendants' refusal to make a retraction of an article containing a statement by the medical examiner, commenting on the death of the plaintiff's daughter in a motorcycle accident. Without giving her name, or making any reference to the plaintiff, it was stated that she "had a long history of involvement with drugs." The declaration fails to state a cause of action under any of the several theories of liability advanced by the plaintiff for the following reasons: (1) *Libel.* One who defames the memory of the dead is not liable civilly to the estate of the decedent or his relatives. The plaintiff's allegations are inapplicable to any recognized exception to this rule. *Hughes* v. *New England Newspaper Publishing Co.* 312 Mass. 178 (1942). Restatement: Torts, § 560. (2) *Extreme and outrageous conduct causing emotional distress.* Assuming the existence of such a cause of action, absent resulting bodily harm, the conduct alleged was neither extreme and outrageous nor indicative of intent to harm the plaintiff. See *George* v. *Jordan Marsh Co.* 359 Mass. 244, 254 (1971); Restatement 2d: Torts, § 46. (3) *Wrongful interference with business relations.* The gist of such an action is intentional interference. See *Ross* v. *Wright,* 286 Mass. 269, 276 (1934); *North Station Wine Co. Inc.* v. *United Liquors, Ltd.* 323 Mass. 48, 51-52 (1948); *Pino* v. *Trans-Atlantic Marine, Inc.* 358 Mass. 498, 503-504 (1970); Restatement: Torts, § 766. Here the declaration fails to allege that the defendants intended to influence third persons in dealing with the plaintiff. (4) *Interference with the plaintiff's civil action for the decedent's wrongful death.* Assuming the existence of such a cause of action, intentional interference would presumably be a necessary element thereof (see *Ross* v. *Wright, supra,* at 271) and no such intention is alleged. (5) The plaintiff has argued violation of his *right of privacy* but his declaration neither alleges such a cause of action (see *Kelley* v. *Post Publishing Co.* 327 Mass. 275, 276 [1951]) nor does it contain facts to support such an allegation. See *Frick* v. *Boyd,* 350 Mass. 259, 263-264 (1966).

*Orders sustaining demurrers affirmed.*
*Judgments for the defendants.*

*Mel L. Greenberg* for the plaintiff.

*William J. LeDoux* for the Worcester Telegram & Gazette, Inc.

*Christopher H. Worthington,* Assistant Attorney General (*Robert H. Quinn,* Attorney General, with him) for the Medical Examiner of Worcester County.