IRENEE GEORGE, JR. vs. JORDAN MARSH Co.  June 7, 1974.  This is an action of tort for the intentional infliction of mental distress.  By a prior decision of the Supreme Judicial Court the plaintiff's cause of action was recognized and an order sustaining a demurrer to her declaration reversed.  See *George* v. *Jordan Marsh Co.* 359 Mass. 244 (1971).  A subsequent trial of the case resulted in a jury verdict for the defendant.  The sole exception argued to this court concerns the judge's exclusion of certain evidence, to wit, a letter sent to the defendant by the plaintiff's attorney which read in relevant part as follows:  "May I advise you [Jordan Marsh Co.] that your alleged claim is absolutely groundless, as you well know; that your persistent dunning tactics are *obviously designed to harass and intimidate* . . . Mrs. George Jr.; that same are having the intended effect of injuring her health and well being; . . .."  The plaintiff concedes that the

letter was not admissible for the truth of the statements contained therein but argues that it was nevertheless relevant and competent to show that the defendant had reason to believe that the plaintiff's health was failing as a result of its alleged harassment and consequently that its subsequent conduct was "extreme and outrageous." See *George* v. *Jordan Marsh Co., supra,* at 254-255. Although the letter may have been admissible for that limited purpose, there is nothing to show that the plaintiff restricted her offer to that purpose. To the contrary, it appears from the bill of exceptions that the letter was offered without limitation or explanation. It is settled that it is "the duty of counsel to bring to the judge's attention with sufficient clarity the grounds upon which the admission of the evidence . . . [is] sought." *H. H. Hawkins & Sons Co.* v. *Robie,* 338 Mass. 61, 66 (1958). See also *Hathaway* v. *Tinkham,* 148 Mass. 85, 87 (1888); *Tobin* v. *Brimfield,* 182 Mass. 117, 120 (1902). In the absence of any limitation on the offer by the plaintiff, we are of the opinion that it was proper for the court to exclude it. See *Palm* v. *Kulesza,* 333 Mass. 461, 463 (1956).

*Exceptions overruled.*

*Joseph Stashio* for the plaintiff.
*Raymond J. Kenney, Jr.,* for the defendant.