KELLY REALTY COMPANY, INC. *vs.* COMMONWEALTH.

Berkshire.    January 16, 1975. — February 7, 1975.

Present: ROSE, GRANT, & ARMSTRONG, JJ.

*Evidence,* Of value; Opinion: expert; Hearsay.    *Witness,* Expert witness.

In a proceeding for assessment of land damages, there was no error in excluding certain questions asked by the petitioner on cross-examination of the respondent's expert witness concerning the opinions as to the land's value of two other appraisers employed by the respondent but not called to testify. [54-56]

PETITION for assessment of damages for a taking of land, filed in the Superior Court on February 1, 1972.

The case was tried before *Tamburello,* J.

*Frederick M. Myers* for the petitioner.

*Paul A. Good,* Assistant Attorney General, for the Commonwealth.

GRANT, J.    This petition under G. L. c. 79 for the assessment of the damages arising out of a taking by eminent domain is here on the petitioner's exceptions to the judge's refusal to allow two questions put by the petitioner during its cross-examination of the only expert witness called by the respondent. The questions were put and excluded in the following circumstances.

Counsel for the petitioner developed the facts that the witness was employed by the respondent as a "review appraiser," who "reviews data submitted by other . . . appraisers in formulating his opinion" and who "sets the value of the property"; that the witness had been assigned as "the review appraiser on this project"; and that in connection with the preparation of his own appraisal of the property in question he had "reviewed" the appraisals of two other named "independent fee appraisers" who had also been employed by the respondent but who had not been called

Kelly Realty Co., Inc. v. Commonwealth.

by it to testify. Counsel then inquired as to "the figures that were used by ... [one of the other named appraisers] as the before and after values of this particular piece of property" and as to "the figure" used by the other named appraiser. Counsel for the respondent interposed a general objection to each question (see *Palm* v. *Kulesza,* 333 Mass. 461, 463 [1956]; *H. E. Fletcher Co.* v. *Commonwealth,* 350 Mass. 316, 322-323 [1966]), and each objection was sustained (subject to exception by the petitioner). Counsel for the petitioner then secured an affirmative answer to the question, "Did either of those figures influence your judgment in any way" and pressed his "earlier questions." Counsel made no effort in the course of an ensuing bench conference to limit the purpose for which the questions were asked[1] (see *H. H. Hawkins & Sons, Co.* v. *Robie,* 338 Mass. 61, 66 [1958]; *George* v. *Jordan Marsh Co.,* 2 Mass. App. Ct. 848, 849 [1974]; contrast *Package Machinery Co.* v. *Commonwealth,* 345 Mass. 775, 776 [1963]). The judge, apparently passing the points that (1) the questions improperly called for the opinions of the other two appraisers (compare *Haven* v. *County Commrs. of Essex,* 155 Mass. 467, 471-472 [1892]; *Old Colony R.R.* v. *F. P. Robinson Co.* 176 Mass. 387, 390 [1900]) (2) to which the petitioner would not have been entitled even if it had summoned the other appraisers to testify (*Ramacorti* v. *Boston Redevelopment Authy.* 341 Mass. 377, 379-380 [1960]; *Fifty-Five Mkt. St. Inc.* v. *Lynn Redevelopment Authy.* 354 Mass. 758 [1968]), again excluded the questions (subject to further exception) as calling for hearsay.[2]

There was no error. It is settled that an expert witness may not, under the guise of stating the reasons for his opinion, testify to matters of hearsay in the course of his direct examination unless such matters are admissible under some

---

[1] The most succinct statement of purpose was, "Simply cross-examination. He has testified [to] one of the things he considered. I am entitled to interrogate him on everything he considered."

[2] The petitioner agrees in its brief that such was the basis of the judge's ruling.

statutory or other recognized exception to the hearsay rule. *Hunt* v. *Boston,* 152 Mass. 168, 171 (1890). *National Bank of Commerce* v. *New Bedford,* 175 Mass. 257, 261 (1900). *Framingham* v. *Department of Pub. Util.* 355 Mass. 138, 145 (1969). *Commonwealth* v. *Howard,* 355 Mass. 526, 529 (1969). There is nothing in the rule permitting an expert to be cross-examined as to the reasons for his opinion (see *Boston Gas Co.* v. *Assessors of Boston,* 334 Mass. 549, 578-579 [1956], and cases cited) or in any of the authorities cited by the petitioner (such as *MacKay* v. *Ratner,* 353 Mass. 563, 567-568 [1968]) which gives the cross-examiner the right to call for hearsay from his opponent's expert.

If (as we do not decide) the judge had discretion to permit the answers to the particular questions asked in this case (see *Peirson* v. *Boston Elev. Ry.* 191 Mass. 223, 233-234 [1906]; *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 199 [1956]; Hughes, Evidence, § 327, pp. 411-412, 414 [1961]), there was no abuse. The petitioner did not pursue the question of the extent to which the witness' opinion might have been influenced by either or both of the opinions of the other appraisers (see *Kuklinska* v. *Maplewood Homes, Inc.* 336 Mass. 489, 495-496 [1957]; *Quirk* v. *Maynard,* 360 Mass. 845 [1971]). To have admitted those opinions might well have led to further questions as to the reasons for the opinions and as to the still further hearsay considered in the formulation thereof. Compare *Wenton* v. *Commonwealth,* 335 Mass. 78, 83 (1956).

*Exceptions overruled.*