FRANCIS G. WHITE & another[1] *vs.* LEWIS H. SPENCE & others.[2]

Middlesex.    October 14, 1977. — November 16, 1977.

Present: KEVILLE, GRANT, & BROWN, JJ.

*Pleading Civil,* Complaint. *Practice, Civil,* Motion to dismiss, Order for more definite statement. *Libel. Slander. Emotional Distress.*

A judge erred in dismissing a defamation action for the plaintiff's failure to comply with an order for a more definite statement under Rule 12(e) of the Massachusetts Rules of Civil Procedure, where the plaintiff reasonably complied with the order. [682-683]

An action by a wife seeking damages allegedly sustained by her as a result of defamatory statements concerning her husband was properly dismissed under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure. [683-684]

Allegations in a complaint that the defendants made and published defamatory statements concerning the plaintiff pursuant to a conspiracy to "harm the plaintiff, to interfere with his ability to pursue his trade and profession, to drive him from his job and to damage his reputation both in his business and profession and personally" were sufficient to state a claim under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure. [684-685]

---

[1] Mary G. White, wife of Francis G. White.

[2] Domiano DiRusso and Caesar Scurini. One Brian A. Opert has been named as an additional defendant in both the original complaint and the amended complaint which are referred to in the opinion. Opert filed some form of answer to the original complaint and is not a party to the appeal; he is not included among "the defendants" as those words are used in the opinion.

White *v.* Spence.

A plaintiff was not required under Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure to set out the precise words used by the particular defendants in defaming the plaintiff. [685-686]

CIVIL ACTION commenced in the Superior Court on October 8, 1975.

A motion to dismiss was heard by *Connolly,* J.

*Sanford A. Kowal* for the defendants.

*Henry P. Sorett* for the plaintiffs.

GRANT, J.     This is an action by which Francis G. White (plaintiff) and his wife seek to recover the damages allegedly sustained by both of them as the result of defamatory statements which the defendants are said to have made concerning the plaintiff.

The original complaint typically charged each defendant with having "made and published statements both oral and written, in which he falsely accused the plaintiff Francis G. White of theft, fraud, malfeasance, misfeasance and other illegal and wrongful acts. The defendants . . . knew that the accusations were false and made them with malice and with intent to harm the plaintiff Mr. White." The defendant Spence was charged with having made and published his statements "[o]n or about March 24, 1975, . . . and on several other occasions." The defendants DiRusso and Scurini were charged with having made and published their statements "[o]n or about October 24, 1974, October 30, 1974, December 30, 1974 and on several other occasions." The complaint afforded no hint as to the contents of any of the "statements" referred to. The defendants moved jointly (a) under Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974), that "a more definite statement be furnished setting forth the precise words used by the [d]efendants in any libelous or slanderous statements or writings allegedly made by them" and (b) under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), to dismiss the claims asserted in various paragraphs of the complaint.[3] A judge of the Superior Court or-

---

[3] This approach was necessitated by the failure of the pleader to set out the claims against the different defendants in separate counts. The amended complaint is subject to the same criticism.

White *v.* Spence.

dered the "[p]laintiffs to supply defendants with a new complaint containing the words alleged to be libelous or slanderous" and that "[t]he motion to dismiss may then be heard or waived." [4]

The plaintiff and his wife thereupon filed an amended complaint from which it appears that the plaintiff is a maintenance supervisor for the Cambridge Housing Authority (Authority) and that DiRusso and Scurini are maintenance employees of the Authority working under the direction and supervision of the plaintiff. The amended complaint attributed a specific oral statement to Spence (whose relationship to the plaintiff is not disclosed) on March 24, 1975 ("Frank White was buying and selling houses. Frank White would bring Authority personnel on Authority time to his houses and use Authority materials on them and then sell them himself for personal profit") ; it also attributed to DiRusso and Scurini oral statements (none of them quoted verbatim) on October 24, 1974, to the effect that the plaintiff had stolen from the Authority by misappropriating building and other materials owned by it and by the misuse of Authority equipment and personnel in connection with the renovation of houses owned by the plaintiff.[5] The amended complaint reiterated all the allega-

---

[4] This order is not challenged by the plaintiff or his wife. See *Senay* v. *Meehan, post,* 854, 855 (1977). The order granted considerably less than what the defendants had requested under rule 12(e), but they are in no position to complain of the scope of the order because they have taken no cross appeal under the second sentence of Mass. R.A.P. 4, 365 Mass. 846, 847 (1974). Compare *Baldwin* v. *Pisacreta, post,* 810, 811 (1977).

[5] The defamatory statements attributed to DiRusso and Scurini are found in a written report to the Secretary of Communities and Development which was prepared by Opert (see note 2, *supra*), an official in the Department of Community Affairs, following the completion of interviews which Opert had had with those two defendants in the course of an investigation into the activities of the plaintiff. A copy of that report is appended to the amended complaint as an appendix thereof. It is not contended that any of the statements which the report attributes to DiRusso and Scurini is incapable of being understood in a defamatory sense. See *Grindall* v. *First Natl. Stores, Inc.,* 330 Mass. 557, 559 (1953).

tions of the original complaint which have been quoted above.

The defendants then filed an amended motion to dismiss on the grounds (1) that the named plaintiffs had failed to comply with the aforementioned order under rule 12 (e) because they had "not set forth all the alleged slanderous and libelous statements" and (2) that the allegations set out in certain paragraphs[6] of the amended complaint failed to state claims upon which relief could be granted. A second judge of the Superior Court allowed the "motion," without any statement of grounds or reasons. Judgment was entered dismissing the action as to Spence, DiRusso and Scurini; the plaintiff and his wife have appealed.

1. We consider first the part of the defendants' motion addressed to the alleged failure to comply with the order entered under rule 12 (e). We think, in light of all the circumstances, that the plaintiff has demonstrated reasonable compliance (see *CMAX, Inc.* v. *Hall*, 290 F. 2d 736, 739 [9th Cir. 1961]) with that order. He has disclosed the precise words alleged to have been spoken by Spence on March 24, 1975. He has also disclosed, apparently to the best of his present ability, the tenor and substance of the defamatory words alleged to have been spoken by DiRusso and Scurini on October 24, 1974;[7] it does not appear that the plaintiff will be in a position to sharpen or expand on those words until after he has had an opportunity to engage in discovery.

It is true, as the defendants argue, that the plaintiff has not disclosed any oral or written statements which may have been made by DiRusso or Scurini on October 30 or December 30, 1974, or which may have been made by any of the defendants on any of the unspecified "other occasions" still referred to in the amended complaint. However, we are not convinced that the perpetuation of those allegations resulted from a calculated disregard of the court's order as opposed to a mere inadvertence on the part of the

[6] See note 3, *supra.*

[7] See note 5, *supra.*

White v. Spence.

pleader. Contrast *Partlow* v. *Hertz Corp.*, 370 Mass. 787, 790-791 (1976).

We are of the opinion that the remedy of dismissal was too Draconian in the circumstances and that the judge should have gone no further than ordering that all references to other statements by the defendants which had not been disclosed be struck from the amended complaint.[8]

2. We turn now to the parts of the motion which assert failures under Mass.R.Civ.P. 12(b)(6) to state claims upon which relief can be granted.[9] We do so in light of the principles that "all allegations are to be taken as true, and the inferences to be drawn therefrom should be in favor of the pleader" (*Romano* v. *Sacknoff*, 4 Mass. App. Ct. 862 [1976]) and that "a complaint is sufficient unless it shows beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief" (*Howard* v. *G.H. Dunn Ins. Agency, Inc.*, 4 Mass. App. Ct. 868 [1976]).

(*a*). The defendants attack first the allegations of the amended complaint by which the plaintiff's wife seeks to recover the damages allegedly sustained by her as the result of the publication of the defamatory statements now attributed to the various defendants. Typical of such allegations are the following: "the false allegations and accusations made by the defendants . . . against the plaintiff Francis G. White did great harm to the plaintiff Mary G. White in that they caused her to be subjected to pain and suffering, mental anguish and distress, and did great harm to her reputation as a consequence of the damage the defendants . . . intentionally inflicted on Francis G. White,

---

[8] Nothing said in this opinion is to be construed to prevent this plaintiff, or any plaintiff similarly situated, from further amending his complaint to include allegations as to additional particular defamatory statements which may have been made by any of the defendants if the plaintiff can demonstrate to the court, from discovery or otherwise, a reasonable basis for concluding that such statements have in fact been made.

[9] We confine our consideration to the points raised by the motion which the defendants still press before us.

the plaintiff Mary G. White's husband. In the alternative, the [defendants'] . . . aforesaid allegations and accusations did the aforesaid harm as a result of their reckless indifference to the [wife's] rights and their failure to exercise due care to ascertain the truth or falsehood of the accusations."

None of the foregoing allegations can properly be read to assert that severe emotional distress was directed to and inflicted upon the wife as the result of any act intentionally or recklessly committed by any of the defendants within the carefully circumscribed boundaries of the principles enunciated in the cases of *George* v. *Jordan Marsh Co.*, 359 Mass. 244, 254-255 (1971), *S.C.* 2 Mass. App. Ct. 848 (1974), and *Agis* v. *Howard Johnson Co.*, 371 Mass. 140, 144-145 (1976). Compare *Casamasina* v. *Worcester Telegram & Gazette, Inc.*, 2 Mass. App. Ct. 801 (1974). The essence of the allegations is that the wife is claiming damages for slanders of herself resulting from the defendants' having made and published the various defamatory statements which have been related or summarized above. None of those statements accuses the wife of dishonesty, either directly or by innuendo. Compare *Hughes* v. *New England Newspaper Publishing Co.*, 312 Mass. 178, 179-181 (1942). Contrast *Lyman* v. *New England Newspaper Publishing Co.*, 286 Mass. 258, 259-260, 263 (1934).[10]

It follows that the action was properly dismissed as to Mary G. White.

(*b*). The defendants also attack the allegations of the amended complaint to the effect that the defendants made and published their defamatory statements pursuant to a conspiracy to "harm the plaintiff, to interfere with his ability to pursue his trade and profession, to drive him from

---

[10] The wife has advanced no claim for the negligent infliction of emotional distress (see *George* v. *Jordan Marsh Co.*, 359 Mass. 244, 251, 255 [1971]; *McDonough* v. *Whalen,* 365 Mass. 506, 516-518 [1974]) or for loss of consortium (see *Lombardo* v. *D.F. Frangioso & Co.,* 359 Mass. 529, 530-531 [1971]; *Diaz* v. *Eli Lilly & Co.,* 364 Mass. 153, 167-168 [1973]; *Agis* v. *Howard Johnson Co.,* 371 Mass. 140, 146-147 [1976]).

his job and to damage his reputation both in his business and profession and personally." We need not decide, as urged by the defendants, whether these allegations are sufficient to charge the defendants with having committed the tort of conspiracy. See *Willet* v. *Herrick*, 242 Mass. 471, 477-478 (1922); *DesLauries* v. *Shea*, 300 Mass. 30, 33-34 (1938); *Comerford* v. *Meier*, 302 Mass. 398, 401 (1939). As stated in the Reporters' Notes to Mass.R.Civ.P. 8, "the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties." At the very least, these allegations serve the purpose of giving the defendants fair notice that the plaintiff intends to hold them jointly liable for the damages flowing from their respective statements. See *May* v. *Wood*, 172 Mass. 11, 12-13 (1898); *Lawrence Trust Co.* v. *Sun-Am. Publishing Co.*, 245 Mass. 262, 264-266 (1923); *Cummings* v. *Harrington*, 278 Mass. 527, 527-529 (1932); *Caverno* v. *Fellows*, 286 Mass. 440, 443-444 (1934). Accordingly, we hold that these allegations afford no ground for dismissal under Mass.R.Civ.P. 12(b)(6).

(*c*). The balance of the defendants' arguments are addressed to the point that the action was properly dismissed under rule 12(b)(6) for the reason that the amended complaint fails to set out the precise words used by the particular defendants in defaming the plaintiff.[11] This point was decided adversely to the defendants in the case of *Senay* v. *Meehan, post*, 854 (1977), which was decided while the present case was on appeal and to which we adhere. We do not see how the Federal cases to the contrary which are relied on by the defendants[12] can be squared with what was said and held by the United States Supreme

---

[11] The precise words now attributed to Spence, as well as the tenor and substance of the words now attributed to DiRusso and Scurini, are related or summarized in part 1 of this opinion.

[12] *Foltz* v. *Moore McCormack Lines, Inc.*, 189 F. 2d 537, 539 (2d Cir. 1951). *Simpson* v. *Oil Transfer Corp.*, 75 F. Supp. 819, 822 (N.D.N.Y. 1948). *National Bowl-O-Mat Corp.* v. *Brunswick Corp.* 264 F. Supp. 221, 226 (D.N.J. 1967).

Court in the oft-cited case of *Conley* v. *Gibson,* 355 U. S. 41, 45-46, 47-48 (1957).

The judgment is to be modified so as to grant leave to the plaintiff Francis G. White to file (within forty-five days of the date of this opinion) a second amended complaint which is not inconsistent with the principles discussed in this opinion.[13] Costs of appeal are not to be awarded to any party.

*So ordered.*

---

[13] See and compare *Balsavich* v. *Local 170, Intl. Bhd. of Teamsters,* 371 Mass. 283, 287-288 (1976).