THOMAS K. SHORT & another *vs.* TOWN OF BURLINGTON & others. January 20, 1981. The amended complaint is a pasticcio of allegations which falls woefully short of being "a short and plain statement of the claim showing that the pleader is entitled to relief," Mass.R.Civ.P. 8(a), 365 Mass. 749 (1974). Count 1 seems to demand recovery for the intentional infliction of emotional distress because the plaintiff was not given

leave under G. L. c. 41, § 111F, after he was injured by a dog. Count 2 seeks recovery for the same tort on the ground that, as dog officer and special police officer, the plaintiff was not permitted to carry a sidearm and was denied the use of a motor vehicle with a blue light, which, he alleges, caused him considerable mental distress and suffering. However, there was no allegation that any of the defendants intended to inflict any distress, that the conduct complained of was "extreme and outrageous," "beyond all possible bounds of decency," and "utterly intolerable in a civilized community," or that no reasonable person could have been expected to endure it. *Agis* v. *Howard Johnson Co.*, 371 Mass. 140, 144-145 (1976). In count 3 the plaintiff's wife sought to recover for loss of consortium. This, too, must fall because it is entirely derivative and has no existence apart from a viable claim of the other spouse founded on personal injury. See *Diaz* v. *Eli Lilly & Co.*, 364 Mass. 153, 167-168 (1973). In sum, if we take the allegations in the complaint as true and construe them in the light most favorable to the plaintiffs (*Nader* v. *Citron*, 372 Mass. 96, 98 [1977]), we find no set of facts which the plaintiffs could prove which would entitle them to relief for the tort of intentional infliction of emotional distress. Compare *White* v. *Spence*, 5 Mass. App. Ct. 679, 683 (1977). The judgment is vacated, with leave given to the male plaintiff to file a properly drawn complaint confined to any claim he may have under G. L. c. 41, § 111F. Neither plaintiff is to have costs of appeal.

*So ordered.*

*Jeffrey H. Fisher* for the plaintiffs.
*David Berman,* Town Counsel, for the defendants.