Gershengorn, J.
This is a product liability action arising out of a workplace accident involving plaintiff Ruben Hernandez’s operation of a hydraulic trim press. In their complaint, the plaintiffs, Ruben and Edith Hernandez, husband and wife, allege negligence, breach of warranty, violation of the Consumer Protection Act, G.L.c. 93A, and loss of consortium against the defendants, Hannifin Press Company (“Hannifin), Parker-Hannifin Corporation (“Parker-Hannifin”), Magnesium Castings Company (“Magnesium”), Schuler Incorporated (“Schuler”) and P.H. Hydraulics and Automation (“P.H. Hydraulics”). On August 13, 1993 this court (Fremont-Smith, J.) allowed defendant Shuler’s motion for summary judgment. Defendant P.H. Hydraulics has moved for summary judgment on the ground that it had no relationship or duty to the plaintiffs which could provide any basis for liability. For the reasons set forth below, defendant P.H. Hydraulics’ motion for summary judgment is allowed.
BACKGROUND
The following facts are not in dispute. Hannifin, a division of Parker-Hannifin, manufactured the subject hydraulic trim press (the “press”) in 1969. Hannifin subsequently sold the press to Magnesium in 1970. No component of the press was ever manufactured, owned or sold by P.H. Hydraulics.
In 1974 Parker-Hannifin sold all of its drawings, tracings, computer programs and cassette tapes which related to hydraulic and air presses together with all sales literature relating to hydraulic and air presses and parts therefore, and other related documentation to Dyna-Quip Incorporated, whose name was changed to Schuler in 1978. As part of the asset purchase agreement between Parker-Hannifin and Dyna-Quip (now Schuler), *315 Dyna-Quip (Schuler) agreed to “assume [Parker - Hannifin’s] obligation to repair or replace any defective hydraulic or air press or parts therefore within one year after date of sale or delivery under warranties made by [Parker-Hanniftn] on any such sale.” (Emphasis added.) Dyna-Quip (Schuler) “[did] not assume any liability of [Parker-Hanniftn] for consequential damages to persons or property by reason of any breach of any warranty, express or implied, made by [Parker-Hannifln] in connection with the sale of a hydraulic or air press or parts therefor.”
On April 3, 1987, Shuler sold the remaining assets of what was originally purchased by Dyna-Quip from Parker-Hannifln to Resource General Corporation. The sale included all proprietary information, drawing, specifications and designs related to the hydraulic and air press line acquired by Schuler from Parker-Hannifln, records related to the product line, patents, stock presses and parts. Schuler and Resource General Corporation agreed to indemnify each other “from any and all losses or liabilities imposed upon [each other] with respect to any presses or parts therefore manufactured, modified or repaired by [them].”
On the same day that it purchased the Hannifin Press line from Schuler (April 3, 1987) Resource General Corporation assigned its rights under the asset purchase agreement to C.S. Acquisitions, Inc. C.S. Acquisitions was subsequently merged into P.H. Hydraulics.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
SUCCESSOR CORPORATE LIABILITY
The plaintiffs argue that P.H. Hydraulics succeeded to Parker-Hannifin’s liability for the defective press when it purchased assets used in the Hannifin Press line from Schuler who had purchased the same assets from Parker-Hannifin. It is well settled that when one company purchases the assets of another, the purchaser does not acquire the debts and liabilities of the seller unless: (1) the purchaser impliedly or explicitly agrees to assume the liability of the seller, (2) the transaction is entered into fraudulently, (3) the transaction amounts to a de facto merger, or (4) the purchasing corporation is a mere continuation of the selling corporation.[3] See Cattron, Inc. v. Overhead Crane and Hoist, Inc. 32 Ohio App.3d 80, 513 N.E.2d 1390 (1987); McCarthy v. Litton Industries, Inc., 410 Mass 15 (1991).
The plaintiffs argue that P.H. Hydraulics is a continuation of Hannifin, Parker-Hannifln and Schuler. “The indices of a ’continuation’ are at minimum: continuity of directors, officers, and stockholders; and the continued existence of only one corporation after the sale of assets.” McCarthy, supra at 23. It is undisputed that Schuler continues to exist as a distinct corporate entity. Therefore, the “continuation” exception does not impose liability on P.H. Hydraulics.
OTHER THEORIES
The plaintiffs also argue that P.H. Hydraulics was negligent, breached express and implied warranties and violated the Consumer Protection Act, G.L. 93A. The plaintiffs raised these same three arguments in their complaint against Schuler. This court (Fremont-Smith, J.) granted Schuler’s motion for summary judgment on all three counts. See Hernandez v. The Hannifin Press Company, 1 Mass. L. Rptr. No. 4, 83 (October 4, 1993). P.H. Hydraulics’ ownership of the Hannifin Press line derives directly from whatever interest Schuler possessed in that property. Like Schuler, P.H. Hydraulics did not manufacture, sell, install or repair the press. Moreover, P.H. Hydraulics did not assume any liability in connection with the press from Hannifin, Parker-Hannifln, or Schuler.
For these reasons and the reasons stated in Hernandez v. The Hannifin Press Company,[4] supra, P.H. Hydraulics is entitled to summary judgment on all counts.[5]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant P.H. Hydraulics’ motion for summary judgment is ALLOWED.

 Both the 1974 agreement between Parker-Hannifin and Dyna-Quip and the 1987 agreement between Schuler and *316 P.H. Hydraulics specify that Ohio law would govern their interpretation. Massachusetts and Ohio law are in accord that a company who purchases the assets of another does not thereby acquire the debts and liabilities of the seller unless one of the exceptions mentioned above applies.

 See attached decision. [Editor’s Note: the referenced opinion is reported at 1 Mass. L. Rptr. No. 4,83 (October 4, 1993).]

 In count XVI of the complaint, the plaintiffs allege that as a result of P.H. Hydraulics’ negligence, breach ofwarranty and c. 93A violation, it is liable to Edith Hernandez for loss of consortium. Edith Hernandez’s claim for loss of consortium must fail as a matter of law because it is derivative of her husband’s claim and, as a result of this order, her husband no longer has aviable claim againstP.H. Hydraulics. See Short v. Town of Burlington, 11 Mass.App.Ct. 909 (1981).