Gershengorn, J.
This is an action against the City of Cambridge by a public school student who slipped and fell on ice during recess at the Tobin School in Cambridge, Massachusetts. The plaintiffs, the minor student and her mother, allege that the City of Cambridge (the “City”) negligently failed to maintain the premises at the Tobin School, negligently supervised the student, and failed to warn the student of a dangerous condition. The student’s mother is also suing the City for loss of consortium. The defendant has moved for summary judgment pursuant to Mass. Rule of Civ. P. 56(c). For the following reasons, the defendant’s motion is allowed.
BACKGROUND
The following facts are undisputed. Sara Kate Stagl Kanter (“Katie”) was a sixth grade student at the Tobin School in Cambridge, Massachusetts during the 1988-89 school year. On Monday, March 13, 1989, during a lunch recess, Katie allegedly slipped and fell on ice on a walkway located near the left side doors of the Tobin School. This area was not a designated play area, but where special needs students enter and exit the building. As a result of this incident, Katie suffered injuries.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
I. Duty to Remove Snow and Ice
The plaintiffs argue that the defendant negligently maintained school property by failing to remove snow and/or by failing to sand and salt the ice located at the entrances and exits of the Tobin School. Plaintiffs argue that a significant amount of snow and ice had fallen on the two days preceding the opening of school on Monday, March 13, 1989, that the school custodians had an obligation to remove that snow, and sand or salt the ice prior to the opening of school on March 13, 1989, and that by failing to do so, the custodians caused Katie’s injuries. The record indicates that one inch of snow fell on March 11, 1989 and .9 of an inch of snow fell on March 12, 1989.
In Massachusetts, landowners are liable for injuries caused by defects existing on their property. Aylward v. McCluskey, 412 Mass. 77, 79 (1992). However, Massachusetts law does not regard the natural accumulation of snow and ice as an actionable property defect. Id. “The simple fact that a person slips on ice on another’s property does not subject the property owner to liability.” Aylward, supra at 80 (citing, Collins v. Collins, 301 Mass. 151, 152 (1938); Grace v. Jordan Marsh Co., 317 Mass. 632, 633 (1945); Battista v. F.W. Woolworth Co., 317 Mass. 179, 180 (1944); Gamere v. 236 Commonwealth Avenue Condominium Ass’n, 19 Mass.App.Ct. 359, 363 (1985)). However, “in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, *301 and the elements alone or in connection with the land become a hazard to lawful visitors, then a defect may exist, creating liability in the owner or occupier.” Aylward supra at 80, n. 3. In the instant case, there is no evidence to suggest that Katie slipped on anything other than a natural accumulation of ice. Accordingly, defendant is entitled to summary judgment on this theory of liability.
II. Negligent Supervision
The plaintiffs next argue that Katie’s teacher, Christine Payack, negligently supervised Katie when she allowed Katie to play outside the side exit of the Tobin School rather than in the playground area. The defendant argues that the supervision of students is a discretionary function and, because of this, there can be no liability.
The Massachusetts Torts Claim Act, G.L.c. 258, §2 states in relevant part:
Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . .
The Massachusetts Torts Claim Act exempts from liability any “claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused ...” G.L.c. 258, §10(b) (emphasis added). “The application of the discretionary function exception is a question of law for the court.” Alter v. Newton, 35 Mass.App.Ct. 142, 148 (1993).
Determining whether conduct is discretionary involves a two-step analysis. First, the court must determine “whether the actor had any discretion to do or not to do what the plaintiff claims caused him harm.” Harry Stoller & Co. v. Lowell, 412 Mass. 139, 141 (1992). If the actor’s conduct was prescribed by statute, regulation or agency practice, then there is no discretion. Id. The second step is to determine “whether the discretion that the actor had is that kind of discretion for which §10(b) provides immunity from liability.” Id. “The discretionary function exception ... [provides] immunity only for discretionary conduct that involves policy making or planning.” Id. When faced with the issue of whether supervision of students qualifies as a discretionary function, Massachusetts courts have responded in the affirmative. See Cady v. Plymouth-Carver Regional School District, 17 Mass.App.Ct. 211, 217 (1983) (“management of student imbroglios, student discipline and school decorum fall readily within the discretionary function exception to the Tort Claims Act”); Wightman v. Methuen, 26 Mass.App.Ct. 279, 280 (1988) (“the very basis for judicial abstention from interference with the rules, decisions, and acts by which school authorities maintain decorum is that those are matters within their broad discretion”); Bencic v. Malden, 32 Mass.App.Ct. 186, 188 (1992) (supervision of students was a discretionary function).
The plaintiffs argue that Katie’s teacher was well aware that during the lunch hour, the children were to be escorted from the classroom on the third floor to the cafeteria and out to the playground. However, the plaintiffs fail to cite to any school policy or regulation that establishes this procedure. Instead, the plaintiffs support their argument by citing to the teacher’s own policy of not allowing children to go outside during recess if they were up in the classroom with her. This fact alone shows that the teacher was exercising her discretion regarding her supervision of the students. This court is unwilling to depart from the clear line of Massachusetts cases which hold that the supervision of students is a discretionary function for which G.L.c. 258, §10(b) provides immunity from liability. Accordingly, the defendant is entitled to summaiy judgment on plaintiffs’ theory of negligent supervision.
III. Failure to Warn
In their final argument, the plaintiffs claim that the defendant was negligent when it failed to warn Katie of the dangerous and hazardous condition of ice on the walkway immediately outside of the side exit of the school. The Massachusetts Appeals Court has held that “alleged negligence by the city in failing to warn of the danger does not... come within the exception of Section 10(b).” Alter, supra at 147. Although the failure to warn of a dangerous condition is not considered a discretionary function, this claim also must fail as a matter of law. Generally, Massachusetts law imposes no duty on a landowner to warn of dangers that are open and obvious. Young v. Atlantic, 400 Mass. 837, 842 (1987). Assuming that the icy condition on the walkway was hidden, there is no evidence in the record to suggest that the school knew of the alleged dangerous condition or that the teacher had any knowledge of the dangerous condition on the walkway. Moreover, there is no evidence in the record to suggest that the school or teacher should have known of the alleged icy condition on the day of the incident. Noticeably absent from the record are other complaints or accident reports regarding the icy condition on the walkway. Moreover, the record is silent as to any prior histoiy of icy conditions in that area. Furthermore, there is no evidence of subsequent changes or repairs to the area after the incident. Without actual knowledge of the dangerous condition or evidence to suggest that the defendant should have known of the dangerous condition, the defendant is not liable for failing to warn of the dangerous condition. Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 562 (1955).[2]
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED.

 Elizabeth Stagl’s claim for loss of consortium must fail as a matter of law because it is derivative of her daughter’s claim, and as a result of this order, her daughter no longer has a viable claim against the defendant. See Short v. Town of Burlington, 11 Mass.App. 909, 910 (1981).