**Jess STEARN, Plaintiff,**

v.

**MacLEAN–HUNTER LIMITED,**
**Defendant.**

**No. 68 Civ. 3310.**

United States District Court
S. D. New York.

Jan. 27, 1969.

Littauer, Gordon, Ullman, Riseman & Ploscowe, New York City, for plaintiff; Frank H. Gordon, and Stephen H. Kaprelian, New York City, of counsel.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant; John L. O'Donnell, Donald F. Johnston, Jr., and Francis H. Dunne, New York City, of counsel.

MANSFIELD, District Judge.

In this diversity libel action brought by Jess Stearn, the author of the book *The Search for the Girl with the Blue Eyes*, against a Canadian publishing company whose magazine MA-CLEANS contained in its May 1968 issue an article concerning plaintiff and his activities in connection with the writing of the book, defendant moves pursuant to Rule 12(b) (6), F.R.Civ.P., for dismissal of the complaint on the ground that it fails to state a claim on which relief can be granted. Since no affidavits or other proof beyond the pleadings have been submitted, the sole question before the Court is whether or not the complaint on its face sets forth allegations which, if proven, would entitle the plaintiff to relief. Dioguardi v. Durning, 139 F.2d 774 (2d Cir. 1944); Mil-Hall Textile Co. v. Dun & Bradstreet, 160 F.Supp. 778 (S.D.N.Y.1958).

Defendant's allegedly libelous article consists of a review of plaintiff's book which gives an account of the life and experiences of a young Canadian girl, Joanne MacIver, believed to have experienced psychic phenomena, including reincarnation after prior existence in the 19th century as Susan Gainer. The complaint alleges that the article falsely and maliciously represents plaintiff as having no skill or ability as a writer, as being bold, insensitive, greedy and concerned only with personal aggrandizement of wealth, as having engaged in a sordid exploitation of the Canadian girl who was the subject of his book, and as having acted in an indecent and immoral manner toward her. A copy of defendant's article with excerpts of the allegedly libelous portions is attached to the complaint. Defendant contends that the complaint demonstrates that his claim in this action is subject to the defense based upon the doctrine enunciated in the decision of the Supreme Court in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), as extended in Time Inc. v. Hill, 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967), and Curtis Publishing Co. v. Butts, 388 U.S. 130, 87 S. Ct. 1975, 18 L.Ed.2d. 1094 (1967). If plaintiff's claim is subject to this de-

fense, he cannot recover "unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." 376 U.S. at 279–280, 84 S.Ct. at 726. Defendant asserts, furthermore, that the claim is also subject to the common-law defense of fair comment, which, if available, would similarly defeat plaintiff's claim in the absence of proof of malice. Foley v. Press Pub. Co., 226 App.Div. 535, 235 N.Y.S. 340 (1st Dept.1929); Hoeppner v. Dunkirk Printing Co., 254 N.Y. 95, 172 N.E. 139, 72 A.L.R. 913 (1930).

In response to these contentions plaintiff argues that the standards established by the *Times-Hill-Butts* triology have no application because plaintiff is not a "public official" or "public figure" and even if it is assumed *arguendo* that the subject matter of his book was a "matter of public interest," the *Hill* decision must be limited to suits for invasion of right of privacy and does not authorize non-malicious defamatory statements with respect to the author. Plaintiff further points out that in any event the complaint satisfies the requirement that malice be alleged by making the following allegations:

"8. * * * defendant, without justification, provocation or excuse of any kind, intending and contriving to injure plaintiff in his good name and business reputation and credit, willfully, wantonly, and maliciously attacked the professional ability, character and morals of the plaintiff and published certain libelous matter of and concern-

ing plaintiff as more fully set forth herein.

"9. Defendant, in the aforesaid article, by false and malicious statements of fact, implications and characterizations, charged and intended to charge, * * *

* * * * * *

"11. In writing, printing, publishing and circulating said false and defamatory matter, defendant acted out of actual malice, knowingly, willfully and with knowledge of such falsity or reckless disregard of the truth or falsity of such matter."

■■■■ We doubt that the *Times-Hill-Butts* doctrine applies to non-malicious defamatory statements with respect to persons involved in *events* of "public interest," as distinguished from those who are themselves "public officials" or "public figures." [1] Certainly the balance weighs less in favor of First Amendment rights of the press against the right of the individual to be protected against defamation in the case of articles about persons who are not themselves newsworthy figures, and it is urged that *Hill*, as some language in the Court's decision indicates, must be strictly limited to suits based on invasion of right of privacy. It is unnecessary to decide that issue here, however, for the reason that assuming the applicability of the doctrine, it must in any event be limited to those persons who are the subject of the newsworthy events of public interest, as distinguished from third persons, such as authors, who write about such persons or events. In the present case plaintiff

---

1. Even if Stearn could himself be regarded as a "public figure" within the rule of the *Butts* case which we doubt, defendant would not be entitled to the full protection of the *Times* qualified privilege. To the extent that comments in the article were directed toward Stearn's personal conduct and motives rather than toward his public function as a writer, there is no reason to extend First Amendment protection to non-malicious but defamatory statements.

Belli v. Orlando Daily Newspapers, Inc., 389 F.2d 579 (5th Cir. 1967). The same reasoning would apply to the common law defense of fair comment. Although criticism of Stearn's work would be entitled to the protection of that defense, it is well established that attacks on the personality of an individual do not fall within the scope of fair comment. Foley v. Press Pub. Co., 226 App.Div. 535, 235 N.Y. Supp. 340 (1st Dept. 1929).

sues for defamation of himself personally, as distinguished from Miss MacIver or any of the subjects of his book. Even if the defendant here were privileged to utter non-malicious defamatory statements about the Canadian girl who figured in the events claimed to be of public interest, that privilege would not permit defamatory attacks upon the plaintiff, as an author writing about them. Such claims would appear to be governed by standards governing the ordinary private libel suits rather than to fall within the ambit of *Times-Hill-Butts*. Accordingly defendant's motion must be denied on the ground that proof of malice is not an essential element of the claim. Even if proof of malice were required, defendant's contention that the complaint is defective for failure to allege malice with particularity must be rejected for the reasons hereinafter stated.

▇▇▇▇ A substantial barrier to the acceptance of defendant's contentions is raised by Rule 9(b), F.R.Civ.P., which provides that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally."

Insofar as the defendant is relying on the common law defense of fair comment, it would appear that this rule is dispositive of the issue. Although it is true that a complaint, in order to state a cognizable claim, must make sufficient allegations to entitle the plaintiff to relief under the applicable substantive law,[2] the form that the allegations must take in order to raise the necessary issues is determined under the Federal Rules of Civil Procedure. Principe v. United States, 207 F.Supp. 301 (E.D.N.Y.1962); Mueller v. Rayon Consultants, Inc., 170 F.Supp. 555 (S.D.N.Y.1959). Thus even assuming that the jurisdiction whose substantive law is decisive here would require a more particular statement of malice, since there is a federal rule which is explicitly applicable, it is sufficient to state a claim in this Court that malice be alleged generally. Cf. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). This conclusion is consistent with the general philosophy, inherent in the pleading provisions of the federal rules, that the function of a complaint is to give the adverse party notice of the claims asserted against it rather than to narrow the issues, or give notice of the precise factual basis of plaintiff's claim, or provide a means for an early adjudication of a claim. Nagler v. Admiral Corp., 248 F.2d 319, 322–324 (2d Cir.1957); Wright, Federal Courts 247 (1963). The provision in Rule 9(b) with respect to malice appears to be based upon the sound proposition that a plaintiff will often be unable to pinpoint the factual basis for an assertion about a person's state of mind without further discovery.

2. Although both parties have assumed that the applicable substantive law would be that of New York, it would seem that this proposition is not clearly correct. Applying the choice of law principles of New York, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1938), under the "grouping of contacts theory," Kilberg v. Northeast Airlines, 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961); Babcock v. Jackson, 12 N.Y.2d 473, 479, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (1963), a reasonable argument that the substantive law of Canada should apply could be made. In Zuck v. Interstate Publishing Co., 317 F.2d 727 at 734 n. 12 (2d Cir. 1963), there is an enumeration of factors which could be used in making a determination of which jurisdiction's law to apply in multistate libel actions. A balancing of those factors favoring Canada against those favoring New York indicates that the question is close. In light of our disposition of the case, however, we find it unnecessary to decide this question.

Defendant relies heavily on the case of Golson v. Hearst Corp., 128 F.Supp. 110 (S.D.N.Y.1954), in which it was held that a general allegation of malice was insufficient to withstand a motion to dismiss the complaint where the defense of fair comment was applicable. This reliance is misplaced. In that case the court held that the general allegation of malice was inconsistent with other portions of the complaint revealing that the allegedly libelous statement, which did not refer to plaintiff by name, could not have been based upon the author's knowledge of any fraudulent business practices or intent on the plaintiff's part in his business dealings. 128 F.Supp. at 113. In the allegedly libelous article in this case there are many individual references to the plaintiff Stearn which a reader could reasonably believe are based upon the author's personal knowledge of Stearn's work and working methods and motivations.

Still assuming the applicability here of the Times-Hill-Butts doctrine, defendant rests its contention that malice must be alleged with particularity on constitutional grounds, urging that Rule 9(b) would transgress its constitutional rights as applied to this type of case. See Hanna v. Plumer, supra, 380 U.S. at 464, 85 S.Ct. 1136. Defendant points to a decision of Judge Cannella of this Court stating that a conclusory allega-tion that the defendant broadcast certain statements knowing them to be false was not sufficient to overcome the qualified privilege of the Times case. Welch v. National Broadcasting Co., 65 Civ. 3663 (Sept. 14, 1966), affd. on other grounds sub nom. John Birch Soc'y v. National Broadcasting Co., 377 F.2d 194 (2d Cir.1967).[3] Plaintiff, on the other hand, cites the Fifth Circuit case of Belli v. Orlando Daily Newspapers, Inc., 389 F.2d 579 (5th Cir.1967), in which Judge Wisdom held that a general allegation of malice was sufficient in a case where the Times doctrine's applicability was an issue to be decided by the trial court. 389 F.2d at 589. Neither of these cases, however, can be considered authoritative on the point in issue. The main question in the John Birch Society case, and the one upon which affirmance by the Court of Appeals rested, was unrelated to the sufficiency of the allegation of malice in the complaint. See 377 F.2d at 197 n. 3. Similarly the Belli case's disposition of the issue, while technically a holding, was not the center of that court's concern.

It is defendant's contention that the protection of the First Amendment extended to publications about public figures and issues of public concern by the Times case and its progeny requires that no publisher so protected can be compelled to undertake the defense of a libel

3. Defendant also relies on the case of Linn v. United Plant Guard Workers, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). In that case the Court held that where a party to a labor dispute made libelous statements during an organizing campaign state remedies could be applied if the complainant could establish that the statements were made with malice and caused him injury. The standard of the Times case was held applicable in such a situation, "by analogy, rather than under constitutional compulsion." 383 U.S. at 67, 86 S.Ct. at 664. In Linn the lower courts had dismissed the complaint on the ground that the conduct alleged may have constituted an unfair labor practice, and that the National Labor Relations Act pre-empted the field. In reversing and remanding the Supreme Court stated that

"Since the complaint here does not make the specific allegations that we find necessary in such actions, leave should be given Linn on remand to amend his complaint * * *." 383 U.S. at 66, 86 S.Ct. at 665.

Close analysis of the Court's opinion, however, indicates that this insufficiency in the complaint related to plaintiff's failure to plead any actual damage resulting from the alleged libel, and not to an insufficiency in the allegation of malice. See especially 383 U.S. at 56, 63–66, 86 S.Ct. 657.

action in the absence of an allegation of specific facts in the complaint which would support a conclusion of actual malice as defined by the *Times* court. Under a rule requiring critics of public officials to prove the truth of alleged libels, they "may be deterred from voicing their criticism, even though it is believed to be true and though it is in fact true, because of doubt whether it can be proved in court or *fear of the expense of having to do so.*" 376 U.S. at 279, 84 S.Ct. at 725 (emphasis supplied by defendant). To the same effect see Time Inc. v. Hill, 385 U.S. at 389, 87 S.Ct. 534. This analysis overlooks the fact that the Supreme Court was referring to the "fear of expense" that would be engendered in the absence of a requirement imposing upon a plaintiff the heavy burden of proving malice. The Court on both occasions went on to state unequivocally that there is no protection, even against a final judgment, in cases where the statement published was a calculated or malicious falsehood. There is no indication in any of the Court's opinions in this area that more stringent requirements for pleading malice than those found in Rule 9(b) were to be adopted. The danger with which the Court was concerned was that publishers would be hesitant to criticize the conduct of public officials or to write about matters of public interest for fear of the difficulty and expense of proving the truth of what was said at trial. If defendant's contention that the *Times-Hill-Butts* doctrine is applicable to this case is correct—and for reasons stated above we do not share that view—defendant would still have available to it the full panoply of pretrial discovery for the purpose of unmasking plaintiff's inability to prove malice, and if no proof of malice existed, defendant could move for summary judgment without assuming the burden of proving truth.

For the foregoing reasons defendant's motion to dismiss is denied.

It is so ordered.