MICHAEL HOWARD *vs.* G. H. DUNN INSURANCE AGENCY, INC. & others. December 29, 1976. Under the allegations of the complaint the plaintiff might prove that one of the defendants breached a contractual obligation to obtain, or procure the issuance of, a policy of fire insurance on the plaintiff's building, and that the building was destroyed by fire after

that defendant should have obtained the coverage. The liability of the defendant in that event would be analogous to the liability of an insurer on a contract to issue a policy of insurance, *Sanford* v. *Orient Ins. Co.* 174 Mass. 416 (1899), as distinguished from the liability of an insurer on an oral contract of insurance or binder, as in *Shumway* v. *Home Fire & Marine Ins. Co.* 301 Mass. 391 (1938). As to a possible additional ground of liability of the individual defendant, see *Mendelsohn* v. *Holton,* 253 Mass. 362 (1925). The complaint is short on detail, particularly on the terms of the contract, but under the Massachusetts Rules of Civil Procedure it is no longer necessary that a complaint " 'state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action'; it is now enough for the complaint to 'contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief' (Rule 8[a][1], 365 Mass. 749 [1974])." *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153 (1975). Under this test a complaint is sufficient unless it shows beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief. *Curran* v. *Boston Police Patrolmen's Assn. Inc. ante,* 40, 43 (1976). *Romano* v. *Sacknoff, ante,* 862 (1976). None of the three counts of the complaint in this case so shows; consequently, the defendants' motion for dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), should not have been allowed.

*Judgment reversed.*

*Kevin P. Phillips* for the plaintiff.
*John B. Flanders* for the defendants.

