BERTHA SENAY *vs.* HAROLD W. MEEHAN & another.[1] July 13, 1977. In determining whether the judge erred in allowing the defendants'

---

[1] The town of Somerset.

Rescript Opinions.

motion under *Mass.R.Civ.P.* 12(b)(6), *365 Mass.* 755 (1974), we confine our consideration to the questions which were raised and passed upon below, as disclosed by the stated grounds of the motion and the opposing memoranda of law which were submitted to the motion judge (all of which have been reproduced in the plaintiff's appendix). Compare *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). 1. The question of a possible misjoinder of parties cannot be raised by a motion filed under Rule 12(b)(6); in any event, the first sentence of Mass.R.Civ.P. 21, 365 Mass. 767 (1974), is explicit on the point that "[m]isjoinder of parties is not ground for dismissal of an action." 2. The broad general allegations that the individual defendant acted "maliciously" are in compliance with the second sentence of Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974). *Stearn* v. *MacLean-Hunter Ltd.* 46 F.R.D. 76, 79-81 (S.D.N.Y. 1969). 3. The complaint seeks money damages, and the possibility that the court might ultimately deny the injunctive relief also prayed for is not a ground for allowing a motion under Rule 12(b)(6). Wright & Miller, Federal Practice and Procedure § 1357, at 602 (1969). 4. If we assume for present purposes that neither of the quoted remarks attributed to the individual defendant is defamatory on its face (as to which see *Sharratt* v. *Housing Innovations, Inc.* 365 Mass. 141, 143-145 [1974]), still the complaint is replete with allegations that that defendant maliciously published and circulated false and "defamatory statements" concerning the plaintiff (compare *Edelman* v. *Locker,* 6 F.R.D. 272, 274 [E.D. Pa. 1946]) and it does not appear beyond doubt that the plaintiff will be unable to prove any set of facts in support of her claim which would entitle her to some form of relief. *Nader* v. *Citron,* 372 Mass. 96, 97-98 (1977), and cases cited. Compare *Romano* v. *Sacknoff,* 4 Mass. App. Ct. 862 (1976); *Howard* v. *G.H. Dunn Ins. Agency, Inc.* 4 Mass. App. Ct. 868 (1976). The judgment and the order allowing the motion to dismiss are reversed; the defendants are granted leave to move (within forty-five days of the date of this opinion) under Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974), for a more definite statement of the "defamatory statements" referred to in the complaint. See *Charbonnier* v. *Amico,* 367 Mass. 146, 152-153, 154 n.14; *Balsavich* v. *Local 170, International Bhd. of Teamsters,* 371 Mass. 283, 287-288 (1976); *Wright & Miller, supra* § 1377, at 755-756.

*So ordered.*

The case was submitted on briefs.
*Ralph D. Lider & Bruce W. Lider* for the plaintiff.
*Alan A. Amaral* for the defendants.