ROY FRANK KIPP vs. HOWARD KUEKER & others.[1]

Suffolk.    February 15, 1979. — March 15, 1979.

Present: KEVILLE, BROWN, & GREANEY, JJ.

*Libel and Slander. Practice, Civil,* Complaint, Motion to dismiss.

An allegation in a complaint that the defendant slandered the plaintiff by accusing him of committing larceny in a conversation with the Norfolk district attorney was sufficient to state a claim upon which relief could be granted where it was not clear from the face of the pleading that the alleged defamatory statements were made in preparation for, or preliminary to, a proposed judicial proceeding. [209]

An allegation in a complaint that the defendant attorneys had published defamatory statements concerning the plaintiff to the effect that he had committed a larceny was sufficient to state a claim upon which relief could be granted where there was nothing on the face of the pleading to show that the statements were made in the context of an actual or proposed judicial proceeding. [209]

An allegation in a complaint that the defendants had jointly libeled the plaintiff by "publish[ing] a defamatory order to show cause why a criminal complaint should not be issued at [a District Court], charging the plaintiff with having committed the crime of larceny" failed to state a claim upon which relief could be granted. [211-212]

An allegation in a complaint that the defendants had published defamatory statements concerning the plaintiff which briefly alluded to certain bankruptcy proceedings was sufficient to state a claim upon which relief could be granted where it was not indicated on the face of the complaint that the statements were made in connection with a proceeding in a United States Bankruptcy Court. [212]

---

[1] Bertha Sandler, Jerome A. McCusker, Stanley J. Riemer, and Robert Riemer, and seven other defendants as partners in the law firm of Cohn, Riemer & Pollack (Bernard A. Riemer, Joseph Braunstein, David I. Riemer, Saul Hahn, Herbert Weisblum, Henry N. Goldberg and Joel Rosenthal).

CIVIL ACTION commenced in the Superior Court on March 9, 1976.

Motions to dismiss were heard by *Linscott, J.*

The case was submitted on briefs.

*Edmund M. Hurley & Christopher Dye* for the defendants.

*Roy Frank Kipp,* pro se.

GREANEY, J. This is an action by which Roy Frank Kipp seeks to recover damages allegedly sustained by him as the result of the publication of certain defamatory statements by the defendants.

The original complaint filed by the plaintiff against these and one other defendant did not proceed entirely on claims of defamation. Styled by the Superior Court judge who considered it as "murky," it was found to "intermingle vague claims for relief for malicious prosecution, slander and conspiracy. . . ." All of the thirteen original defendants moved to dismiss the claims asserted in the complaint, most (if not all) of those motions having been brought under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974).[2] A judge analysed the sufficiency of the complaint in a lengthy memorandum, and ruled that the complaint failed to state claims for malicious prosecution and conspiracy, though it did, as a matter of pleading, contain sufficient allegations of slander. Because major portions of the complaint had been excised as a result of the rulings allowing several of the rule 12(b)(6) motions to dismiss, the judge concluded that it would be appropriate to have the plaintiff replead. He entered orders permitting the plaintiff to replead, provided that he do so in a complaint divided into separate counts with each count to be limited to a separate tort in which the legal theory and the identity of the defendant against whom it was brought would be clearly and concisely stated. The judge

---

[2] Two of the defendants moved under Mass.R.Civ.P. 12(b)(5), 365 Mass. 755 (1974), to dismiss the complaint on the basis of insufficiency of service of process and their motions were allowed on that ground.

also barred the plaintiff from reasserting any claim for malicious prosecution based solely upon "the unsuccessful application in the District Court of East Norfolk by any defendant for the issuance of a criminal complaint against the plaintiff," since the judge had ruled as a matter of law that the application for a criminal complaint did not constitute malicious prosecution.

The plaintiff next proceeded to attempt to replead, but his effort to file an amended complaint was denied by the judge because the plaintiff had failed to comply with the orders regarding the repleading.[3] After rejecting the amended complaint the judge gave the plaintiff leave to amend "for the last time." Thereupon the plaintiff repleaded claims against the defendants based entirely on the theory of the publication of defamatory matter, and was permitted by the judge to file the amended complaint. The remaining defendants all again promptly filed motions to dismiss under rule 12(b)(6), this time principally on the ground that the publication of the alleged defamatory matter was absolutely privileged. A second judge of the Superior Court allowed the motions,[4] and

---

[3] An examination of the first amended complaint reveals that it did not comply with those portions of the judge's orders requiring a concise statement of the claims made; furthermore, it contained excessive recitations of evidence, and it also arguably disobeyed the restriction against making a claim for malicious prosecution based on the matters concerning the application for a criminal complaint in the District Court.

[4] Most of the motions also asserted as an alternative ground for dismissal that the claims failed to comply with G. L. c. 231, § 91, as appearing in St. 1973, c. 1114, § 192, by setting out the specific words that constituted the alleged slander or libel. The judge did not indicate on which ground he allowed the motions. However, the defendants do not raise or argue this second ground in their brief. In any event, it would be an improper basis on which to uphold the allowance of the motions since the first judge who had made the order regarding concise pleadings accepted the amended complaint in the form offered, and since he had directed the plaintiff to eliminate from the claims any recitation of the evidence. In fairness, the plaintiff was undoubtedly under the impression that he should not repeat any of the alleged defamatory statements in the amended complaint at the risk of a

judgments were entered dismissing the action. The plaintiff has appealed.

1. The defendants first argue that the dismissal was warranted because the claims in the amended complaint violated the first judge's order against repleading the malicious prosecution claim. This ground was not raised before the second judge and cannot be raised here for the first time. But the point does not help the defendants in any event, since it is clear from a reading of the assertions made that the plaintiff has completely and irrevocably abandoned his malicious prosecution claim against these defendants in its entirety, focusing instead exclusively on claims for publication of defamatory matter.[5]

2. The defendants next argue that the plaintiff has not stated claims based on any cognizable theory of law. They style the pleading as an attempt "to transfer the function of stating a theory of relief from plaintiff to this Court, which is obviously prohibited." Their argument in this regard is not confined to an analysis of the claims as stated on the face of the amended complaint but develops instead from certain gratuitous statements set forth by the plaintiff in his brief.[6] We view the pleading as setting forth short and plain statements of claims on theories of slander and libel with a demand for judgment, all as required by Mass.R.Civ.P. 8(a), 365 Mass. 749 (1974), and we see it also as a good faith attempt to comply with the orders of the first judge.

3. We turn now to the parts of the motions which assert failures under Mass.R.Civ.P. 12(b)(6) to state claims upon

dismissal. The defendants can obtain a statement of the specific language involved by a motion under Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974). See *White* v. *Spence*, 5 Mass. App. Ct. 679 (1977).

[5] Apparently the first judge who made the orders was also satisfied that his orders were not abused on this point when he permitted the second amended complaint to be filed.

[6] The plaintiff's brief is of little help as to the resolution of any of the issues raised by the appeal, and may well have given the defendants incentive to raise this argument.

which relief can be granted. These parts of the motions are all premised on assertions that the complaint on its face indicates that certain absolute privileges apply to exonerate the defendants of any liability for the publication of the alleged defamatory matter. In reviewing this aspect of the motions we keep in mind the principles that "all allegations are to be taken as true, and the inferences to be drawn therefrom should be in favor of the pleader," *Romano* v. *Sacknoff*, 4 Mass. App. Ct. 862 (1976), and that "a complaint is sufficient unless it shows beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief." *Howard* v. *G.H. Dunn Ins. Agency, Inc.*, 4 Mass. App. Ct. 868 (1976).

(*a*) Count 1 asserts that the defendant Sandler slandered the plaintiff on June 22, 1973, by accusing him of committing the crime of larceny in a certain conversation she had with the Norfolk district attorney. The defendant Sandler attacks the allegations in this claim by arguing that any statements made on that date were addressed to the district attorney in contemplation of the filing of a criminal action against the plaintiff for larceny, and therefore were protected by the broad privilege which permits a witness to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding. See *Laing* v. *Mitten*, 185 Mass. 233, 235 (1904); *Sheppard* v. *Bryant*, 191 Mass. 591, 592 (1906); *Mezullo* v. *Maletz*, 331 Mass. 233, 236 (1954). See also Restatement (Second) of Torts § 588 (1976). But from the face of the pleading it is not completely clear that the alleged defamatory statements were made in preparation for, or preliminary to, a proposed judicial proceeding. The statement of the claim is such that it could be read to concern statements outside of the context of a contemplated criminal action. That being the case, the plaintiff has to be given the benefit of the doubt under rule 12(b)(6) standards, and it follows that the allegations in the count should have survived the motion.

(*b*) Counts 2 and 3 concern events said to have occurred on April 5, 1974, and accuse the defendants McCusker and Kueker of publishing defamatory statements concerning the plaintiff to the effect that he had committed larceny. The defendants maintain an absolute privilege as to these allegations on the basis of the privilege accorded to an attorney at law to publish defamatory matter in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if the publication has some relation to the proceeding. *Sriberg* v. *Raymond,* 370 Mass. 105 (1976). Restatement (Second) of Torts § 586 (1976). But as with the first count there is nothing on the face of the pleading to show that the statements were made in the context of an actual or proposed judicial proceeding so as to trigger the application of the privilege. In fact, read literally, the assertions can be taken to claim the publication of defamatory statements unconnected with actual or proposed judicial proceedings. Because of this, it follows that the claims in these counts should have survived the motions directed to them.

(*c*) Count 4 accuses three defendants (Sandler, McCusker and Kueker) of jointly libeling the plaintiff on April 18, 1975, by "publish[ing] a defamatory order to show cause why a criminal complaint should not be issued at the District Court of East Norfolk, Quincy, Norfolk County, charging the plaintiff with having committed the crime of larceny . . . ." Unlike the first three counts, we find here that the plaintiff has overpleaded, and we think it is clear from the face of the claim that it should have been dismissed since it is apparent that the defendant Sandler was protected by the absolute privilege accorded to a witness, and the defendants McCusker and Kueker as her attorneys were protected by the absolute privilege accorded to a lawyer, with regard to what the claim plainly reveals on its face to be a proposed judicial proceeding in which the three participated. An application to a District

Court clerk for the issuance of a criminal complaint is a type of judicial proceeding within the scope of the two privileges. Accordingly, this count was properly dismissed.

(d) The claims in counts 5 and 6 concern events said to have occurred on October 18, 1975, in connection with the publication of defamatory matter by the defendants Stanley and Robert Riemer. Contrary to the defendants' assertions, it is not clearly indicated on the face of the pleading that the alleged defamatory statements were made in connection with a proceeding in a United States Bankruptcy Court. The allegations do not indicate any involvement by the defendants with, or in, the bankruptcy proceedings briefly alluded to in the claims. Because of this lack of a nexus appearing on the face of the complaint, the privilege accorded to an attorney cannot be applied at the threshold of the action to protect Stanley Riemer, and the privilege accorded to a witness cannot be invoked to exonerate Robert Reimer (who, according to the pleading, is apparently not a lawyer). It follows, therefore, that the motion to dismiss these counts should not have been allowed.

(e) In counts 2, 3, 4 and 5, the plaintiff also purports to assert claims against the partners of Cohn, Riemer and Pollack who are not named in the captions to those counts, apparently in an effort to impose liability on them under a theory of respondeat superior. The plaintiff does not press his claims against the partnership defendants in his brief on appeal, however, and as a result we do not consider the propriety of the judge's allowance of the motion to dismiss with regard to them. See Mass.R.A.P. 16 (a)(4), as amended, 367 Mass. 921 (1975).

Overall the counts that have been found to be adequate to state claims are replete with allegations that defamatory matter has been published and it does not appear beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claims which would entitle him to some form of relief. See *Senay* v. *Meehan*, 5 Mass. App. Ct. 854 (1977).

The judgments are reversed. An order is to be entered (a) allowing the motion to dismiss filed by the defendants Bernard A. Riemer, Joseph Braunstein, David A. Riemer, Saul Hahn, Herbert Weisblum, Henry N. Goldberg and Joel Rosenthal, (b) allowing the motions to dismiss filed by the defendants Sandler, McCusker and Kueker in so far as they are directed at count 4, and (c) denying the motions to dismiss otherwise.[7]

*So ordered.*

---

[7] Nothing said in this opinion is to be taken as bearing on the merits of the asserted privileges if raised again in connection with a well pleaded motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). Our comments are confined solely to the adequacy of the claims in the complaint as a matter of pleading under rule 8(a), when measured against a motion under rule 12(b)(6) testing their sufficiency. See *Roketenetz* v. *Woburn Daily Times, Inc.,* 1 Mass. App. Ct. 156, 163 n.5 (1973). Compare *Borski* v. *Kochanowski,* 3 Mass. App. Ct. 269, 270 (1975).