MAURICE EPSTEIN *vs.* LIBERTY BANK & TRUST COMPANY. December 17, 1981. Even by the generous standards of notice pleading, the plaintiff's complaint is "grievously murky." See *Charbonnier* v. *Amico*, 367 Mass. 146, 153 (1975). It says that, upon the demand of the defendant bank, the plaintiff paid $9,875 more than was due on a mortgage note given by the plaintiff to the bank. Whether the overpayment was induced by duress (the theory on which the parties have briefed the appeal) or was brought about by mistake, or some other reason allowing the plaintiff to recover, is left to conjecture. Cf. *International Underwater Contractors, Inc.* v. *New England Tel. & Tel. Co.*, 8 Mass. App. Ct. 340, 342 (1979). But the test on a motion to dismiss under Mass.R.Civ. P. 12(b)(6), 365 Mass. 755 (1974), is that the moving party must establish "beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief." *Howard* v. *G.H. Dunn Ins. Agency, Inc.*, 4 Mass. App. Ct. 868 (1976). *White* v. *Spence*, 5 Mass. App. Ct. 679, 683 (1977). *Fabrizio* v. *Quincy*, 9 Mass. App. Ct. 733, 734 (1980). See also *Nader* v. *Citron*, 372 Mass. 96, 98 (1977); *Coolidge Bank & Trust Co.* v. *First Ipswich Co.*, 9 Mass. App. Ct. 369 (1980). See generally 5 Wright & Miller, Federal Practice and Procedure §§ 1355-1357 (1969). We are constrained, therefore, to reverse the judgment of dismissal. The defendant is not without means to smoke out the nature of the plaintiff's grievance. See e.g., Mass.R.Civ.P. 12(e), 365 Mass. 756 (1974) (motion for more definite statement). The plaintiff's pleadings may then succumb to a motion for summary judgment. See *Kipp* v. *Kueker*, 7 Mass. App. Ct. 206, 213 n.7 (1979).

*Judgment reversed.*

*Maurice Epstein*, pro se.
*John T. Daley* for the defendant.