Shubow, J.
Review is sought of the action of the trial court allowing a motion to dismiss filed by the defendant pursuant to Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6).[1] Such a motion rests upon the contention that the complaint fails to state a cause of action upon which relief can be granted. We conclude that the trial judge did not apply the correct légal standard and that his action must be reversed.
The complaint, as summarized in the report, indicates that the action was brought under G.L.c. 93A, §9, seeking damages for an insurer’s alleged unfair claim settlement practices as defined in G.L.c. 176D.
*71 The complaint alleged that on August 30, 1981, the plaintiff, when seven years old, and while in the company of her parent, after completing a ride in a go-cart was alighting when she was struck and injured by another go-cart operated by a minor. The accident occurred at a “go-cart track” in New Hampshire.
The complaint also alleges that:
12. On July 19,1982, Ms. Flowers called plaintiff’s attorney in Boston from San Antonio, Texas and discussed plaintiff’s claim. During the telephone conversation, plaintiffs attorney, in response to Ms. Flower’s request, outlined interstate Go-Carts, Inc.’s negligence, i.e., failure to provide adequate supervision over activities taking place at the track and failure to provide a safe area and procedure for patrons alighted from the go-cars.
The report sets out that following argument:
. .. The Court entered the following order:
‘There is no dispute but that the underlying facts are these: The Plaintiff, then about nine (sic) years old, disembarked from a go-cart driven by her father. As she walked behind the cart she was struck by another cart driven by a twelve year old. The defendant in the case before me is the insurance broker for the amusement park and apparently also undertakes to adjust claims. The Defendant (Hall) offered $900.00 in settlement of the case and the Plaintiff asserts that Hall’s actions constituted unfair settlement practices.
‘It cannot be said that based on the facts of this case that this is a claim “in which liability has become reasonably clear”.. . G.L.c. 176D, §3(9)(f).
The Motion to Dismiss is therefore allowed.’
The office of a motion pursuant to Rule 12(b)(6), like the traditional demurrer, is to test the legal sufficiency of the complaint. It should be allowed if and only if “it appears to a certainty that [the claiming pleader] is entitled to no relief under any state of the facts which could be proved in support of the claim.” Reporter’s Notes quoted SMITH AND ZOBEL, RULES PRACTICE, MASS. PRACTICE SERIES, p. 290 (emphasis in original). The rule ordinarily contemplates that if the court undertakes to consider matters outside the pleadings, the motion will be treated as one for summary judgment. In that event the parties are to be given “reasonable opportunity to present any material which Rule 56 makes pertinent to such a motion for summary judgment.” So far as the report discloses that course was not followed here.
The report suggests the court relied upon only the arguments of the parties and did not consider inferences that might be drawn even from the scanty facts pleaded. See Nader v. Citron, 372 Mass. 96 (1977).“ . . . [A] complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to anyform of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Nader, supra, at p. 104. “The particular factual nuances of each case may require elaboration through discovery and development at trial.” Nader, supra, at p. 105.
In considering a motion of this kind, it was incumbent upon the judge to follow the principle that “all allegations are to be taken as true, and the inferences to be drawn therefrom should be in favor of the pleader.” Romano v. Sacknoff, 4 Mass. App. Ct. 862 (1976), quoted with approval in Kipp v. Keuker, 7 Mass. App. Ct. 206, 210 (1979).
Howard v. G.H. Dunn Insurance Agency, Inc., 4 Mass. App. Ct. 868 (1976), *72 was a case in which the duty of an insurance agency to procure the issuance of a policy was analogized to the liability of an insurer on a contract to issue a policy of insurance. The court reviewed modern doctrine as to notice pleading and concluded that “a complaint is sufficient unless it shows beyond doubt that there is ho set of facts which the plaintiff could prove in support of his claim which would entitle him to relief.” (p. 869). Here the court decided what the facts were rather than what might be provable under the allegations of the complaint. Cf. Fabrizio v. Quincy, 9 Mass. App. Ct. 733, 734 (1980).
Although the plaintiff has not formally challenged the accuracy of “the underlying facts”derived from argument and relied on by the judge in allowing the motion to dismiss, she does in her brief complain that the judge has embarked upon a fact-finding exercise. The general rule is that when a judge intends to treat a Rule 12(b)(6) motion as amotionforsummaryjudgmenthe should give the parties notice “to ensure that neither party is taken by surprise by the judge’s reliance on material outside the pleadings and hereby deprived of an opportunity to present further material in response.” White v. Peabody Construction Co., Inc., 386 Mass. 121, 127 (1982).[2]
In the present case, it seems to us that further development of the facts was necessary before the court could fairly conclude that liability had “become reasonably clear.” Areas of natural inquiry would include a description of the locus provided for alighting, the number of patrons on hand, the presence of warning signs of supervisory personnel, of safety procedures. On another level, the full scope of the investigative activities of the defendant, whether it was in its role as insurance broker and adjuster or as an agent of an insurer within the meaning of the applicable statute, the basis on which its settlement offer rested,[3] all presented issues open on the pleadings.
The precise factual rationale of the trial judge’s ruling is not made explicit. The court appears to rely on “the underlying facts.” It is conceivable that the judge relied in whole or in part on the fact that the plaintiff was not an insured of the defendant (see Higgenbottom, v. Aetna Casualty & Surety Co., Mass. App. Ct. Adv. Sh. [1981] 1541, 1542) nor an assignee of an insured (see DiMarzo v. American Mutual Ins. Co., 389 Mass. 85, 91 [1983]). We, therefore,pointout that subsequent to the filing of briefs in this division, the case of Van Dyke et al v. St. Paul Fire and Marine Insurance Company, 338 Mass. 671 (1983), was decided. That case discusses the action of the Legislature amending the statutory provisions treated in Dodd v. Commercial Union Insurance Company, 373 Mass. 72 (1977). The Dodd case noted that only an insurance company’s policyholder could assert a G.L.C. 93A violation against it for improper claim settlement practices. Thereafter, the class of persons entitled to make such a claim was “substantially broadened”by St. 1979, c. 406, §1, as discussed in the Van Dyke case at p. 675.[4]
Accordingly, an order is to issue reversing the allowance by the trial judge of the motion to dismiss. The case is remanded to the trial court for further proceeding consistent with this decision.[5]

See Swanson et al v. Bankers Life, 1982 Mass. App. Div. 143, 145-146, for analysis of why requests for rulings are unnecessary in the present situation.

In White, the court concluded reliance on concessions by the pleader in oral argument as to the statute of limitations was justified. The factual inquiry was narrow.

Whether an insurer acted unfairly or with unnecessary and unjustifiable delay is a question involving a detailed examination of its conduct. See Swanson v. Bankers Life Company, 389 Mass. 345, 347-350 (1983).

We do not pass on the issue of whether this Amendment conferred jurisdiction to bring such claims in the District Court as being a question not presented by the parties.

Nothing in this Opinion forecloses the defendant from seeking summary judgment pursuant to Rule 56 or a more definite statement pursuant to Rule 12(e).