DONALD P. BENOIT *vs.* LANDRY, LYONS & WHYTE COMPANY, INC. No. 90-P-560. November 15, 1991. *Consumer Protection Act,* Availability of remedy, Employment. *Broker,* Real Estate. *Contract,* With broker, Employment.

*Manning* v. *Zuckerman,* 388 Mass. 8, 10-13 (1983), held that "the remedies of G. L. c. 93A, § 11, are not available to employees in disputes against their employers, which arise from the employment relationship." *Weeks* v. *Harbor Natl. Bank,* 388 Mass. 141 144 (1983). The rationale was that the employment relationship precluded the "conduct of any trade or commerce" by the employee. See *Riseman* v. *Orion Research, Inc.,* 394 Mass. 311, 313 (1985). More particularly, where services are involved, § 1(*b*) of c. 93A, as appearing in St. 1972, c. 123, requires an "offering for sale" of such services. The effect of this definition is to require that the services covered by c. 93A be those which are "offered generally by a person for sale to the public in a business transaction, not those services sold by an employee to an employer within the same organization." *Manning* v. *Zuckerman, supra* at 13.

In this case, the written agreement between the plaintiff, a licensed real estate salesman, and the defendant, a licensed real estate broker, see G. L. c. 112, § 87RR, provided that the plaintiff "is an Independent Contractor and not the Company's employee . . . [and that] the parties hereto are and shall remain independent contractors bound by the provisions hereof." The dispute between them has to do with the deliberate and wilful failure (so the judge found) of the defendant to pay the plaintiff amounts due him for commissions earned. After a bench trial, the judge ruled that even if the plaintiff is an independent contractor, he is not entitled to the remedies provided by c. 93A. We affirm.

General Laws, c. 112, § 87RR, as amended by St. 1978, c. 357, § 1, provides that "*[n]o salesman may conduct or operate his own real estate business* nor act except as the representative of a real estate broker who shall be responsible for the salesman and who must approve the negotiation and completion by the salesman of any transaction or agreement . . . . No salesman shall be affiliated with more than one broker at the same time *nor shall any salesman be entitled to any fee,* commission or other valuable consideration or solicit or accept the same from any person except his licensed broker. . ." (emphasis added).

Whatever may be the consequences of independent contractor status elsewhere in the law, see, e.g., Walsh, A Judicial Guide to Labor and Employment Law 221 (1990) (discussing independent contractor status under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.), the rationale of *Manning* requires the conclusion that a real estate salesman licensed under

§ 87RR is not engaged in the conduct of any trade or commerce even if the salesman is not the broker's employee. Section 87RR prohibits a salesman from operating his own real estate business and from receiving payment for his services from anyone except the single broker with whom he or she is affiliated. Chapter 93A is unavailable to the plaintiff.

*Judgment affirmed.*

*Gary A. Ensor* for the plaintiff.
*John F. Soja* for the defendant.