Dolan, P.J.
In this action plaintiff seeks to recover damages from a former law associate, a former client, and an insurance company as a result of a former client taking her case from plaintiff’s law firm to a law firm with which plaintiff’s former law associate became associated. The court allowed defendants’ Dist./Mun. Cts. R. Civ. R, Rule 12(b) motion to dismiss. We affirm as to Count I and Count III and find error as to Count II.
The complaint alleges that plaintiff, an attorney, entered into a written contingent fee agreement with defendant Susan Cobler (“client”) under the terms of which plaintiff would represent client in her claim for personal injuries resulting from a motor vehicle accident with an insured of defendant Aetna Casualty & Surety Co. (“Aetna”). At the time of the agreement, defendant Celine Boyle (“Boyle”) was employed by plaintiff. Some time prior to legal action being instituted by plaintiff on client’s behalf, Boyle left plaintiff’s law firm and became associated with a different law firm. Client requested that all her files be forwarded by plaintiff to Boyle’s new law firm. Plaintiff forwarded client’s files and instituted this action seeking a judicial determination that he has a lien for legal services against all defendants, seeking that the defendants be restrained and enjoined from making a distribution of funds without satisfying the lien, and seeking damages from Boyle.
Count I seeks to establish a lien for attorney’s fees and restrain defendants from disbursing funds. However, G.L.c. 221, §50 provides a lien for attorney’s fees only for attorneys who have brought a legal action on behalf of their client. In this case, plaintiff had not instituted legal proceedings and is, therefore, not entitled to such a lien. There is no error in the court’s allowance of defendants’ Rule 12(b) motion with respect to Count I of plaintiff’s complaint.
Count II of the complaint seeks damages from Boyle. It contains a rambling and disjointed recitation of allegations, and appears to contain conflicting theories of law in support of plaintiff’s recovery against Boyle. Nevertheless, a complaint is sufficient to withstand a Rule 12(b) (6) motion to dismiss for failure to state a cause of action “unless it shows beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitle him to relief.’’Howard, v. G.H. Dunn Ins. Agency, Inc., 4 Mass. App. Ct. 868, 869 (1976). A complaint can withstand a motion to dismiss if it appears that plaintiff may be entitled to any form of relief even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate. Nader v. Citron, 372 Mass. 96, 104 (1977). This count meets the minimum standard.
The complaint includes allegations that “Defendant Boyle, as an employee of the office of Albert E. Grady, breached her fiduciary obligation to her employer in *86 undertaking, either by negligence or intentional acts, acts that were detrimental to the interest of the employer while in such employment and while in the process of winding up such employment... Defendant Boyle then encouraged, enticed or conspired with defendant Cobler to breach the contract aforesaid (the contingent fee agreement) by seeking to avoid this contract and avoid compensating the plaintiff and his law firm for the work that had been done on defendant Cobler’s case.... It is the usual practice among competent attorneys ... to ... not pirate cases.” These allegations must be taken as true for the purpose of a Rule 12(b) (6) motion. The court must also accept as true such inferences as may be drawn from the complaint in plaintiff’s favor. Nader, supra, at 98.
These allegation could be constructed to allege that while plaintiffs employee, Boyle sought to “pirate” the client from plaintiff’s law firm to a law firm with which Boyle planned to associate. It is the law in Massachusetts that “employees occupying a position of trust and confidence owe a duty of loyalty to their employer and must protect the interest of their employer.” Meehan v. Shaugnessy; Cohen, 404 Mass. 419, 438 (1989). It was error for the court to dismiss this count of the complaint. However, the court should consider a Rule 12(e) motion for a more definite statement if such a motion is filed by defendant.
Count III of the complaint alleges a violation of G.L.c. 93A by Boyle. The court was correct in determining that the remedies of G.L.c. 93A are not available to employers in disputes against their employees, which arise from the employment relationship. Manning v. Zuckerman, 388 Mass. 8, 10-13 (1983); Benoit v. Landry, Lyons & Whyte Company, Inc., 31 Mass. App. Ct. 948 (1991). Nothing in the complaint states a G.L.c. 93A cause of action against defendant for activities occurring outside of the employer-employee relationship.
The case is returned to the Brockton Division for further proceedings consistent with this opinion.
So ordered.