# United States Court of Appeals
## For the First Circuit

No. 13-2335

DARRELL D. DEBNAM,

Plaintiff, Appellant,

v.

FEDEX HOME DELIVERY,
a division of FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, U.S. District Judge.]

Before

Kayatta, Baldock,[*] and Selya,
Circuit Judges.

James W. Simpson for appellant.
William M. Jay, with whom James C. Rehnquist, Kate E.
MacLeman, Molly Rhodes, and Goodwin Procter LLP were on brief, for
appellee.

September 8, 2014

---

[*] Of the Tenth Circuit, sitting by designation.

**KAYATTA, Circuit Judge**. Darrell Debnam filed a complaint against FedEx asserting wage payment claims that can only be brought by an employee against an employer, and also asserting an unfair business practice claim under Massachusetts' so-called "Chapter 93A," Mass. Gen. Laws Ann. 93A, that cannot be brought by an employee against his employer as such. The actual facts alleged in the complaint painted an ambiguous relationship between Debnam and FedEx. Conclusory allegations of the complaint, however, forcefully and without reservation staked out the position that Debnam was a FedEx employee. Reading the complaint through the prism of the unambiguous conclusory allegations, the district court dismissed the Chapter 93A claim as incompatible with an employer/employee relationship. Debnam thereafter made no attempt to amend his complaint, despite ample opportunity to do so. After discovery, the district court ruled on summary judgment that Debnam was not an employee under the wage law, dismissing his remaining claim. Debnam now appeals the district court's earlier dismissal of his Chapter 93A claim to the extent that dismissal was predicated on his being an employee. We affirm, concluding that regardless of whether Debnam was an employee, the allegations in his complaint do not plausibly establish that his actions satisfied Chapter 93A's conception of "trade or commerce," as required to prevail under the relevant provision of Chapter 93A.

## I. Background

Because this appeal challenges the dismissal of Debnam's claim on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we take as true the facts presented in his complaint and draw all reasonable inferences in his favor. A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

Debnam began work for FedEx in 2004. Starting as a driver with a single route, he soon acquired the rights to service multiple routes, operating nine of them as of June 2009. In this capacity, Debnam owned or leased eleven delivery vehicles, which he paid to maintain, repair, and insure. He also oversaw drivers working under him, paid their federal employment taxes, purchased their uniforms, and hired temporary replacements when they took time off.

Debnam signed a form agreement with FedEx classifying him as an independent contractor.[1] Under the agreement, FedEx retained the right to:

- promulgate mandatory standards regarding the appearance of vehicles and drivers;

- promulgate mandatory standards regarding the qualifications of people employed as drivers;

---

[1] Debnam did not attach the actual contract to his complaint, but FedEx submitted it in briefing the motion to dismiss, and Debnam has never opposed its consideration. See Maloy v. Ballori-Lage, 744 F.3d 250, 251 n.1 (1st Cir. 2014).

- reconfigure the size or layout of the area serviced by Debnam at the company's sole discretion (and adjust his pay accordingly), after giving five days' notice; and,

- terminate the agreement for any reason after giving thirty days' notice.[2]

In his complaint, Debnam claimed that "the behavioral and financial control manifested over the drivers by [FedEx] demonstrates that the drivers are employees rather than independent contractors." He therefore pressed two claims under Massachusetts statutes that apply only to employees, including the state's basic wage law, Mass. Gen. Laws ch. 149, § 148. He also alleged (in a separate count) that FedEx engaged in unfair or deceptive business in violation of Chapter 93A. That claim is the subject of this appeal. The remainder of Debnam's fourteen counts for relief are not material here.

FedEx moved to dismiss the complaint. As to Chapter 93A, the company argued that because Debnam had asserted that he was an employee of FedEx, he could not press a claim under the statute. As FedEx's motion explained, the statute applies only to transactions occurring in "trade or commerce," Mass. Gen. Laws Ann. 93A, § 2, and Massachusetts courts have held that employees and

_____

[2] Debnam's complaint also alleges that the contract gave FedEx various other ways to control his operations, such as the right to disapprove the hiring of any driver. These mechanisms of control are not evident from the agreement, but they do not affect our analysis in any event.

employers do not act in trade or commerce when they interact with each other as such, see Manning v. Zuckerman, 388 Mass. 8, 13 (1983). As to the wage claims, FedEx made only a procedural objection, claiming that Debnam failed to submit a complaint to the attorney general as required to file suit under the statute, but the company later dropped this argument.

The district court dismissed Debnam's Chapter 93A claim, citing the rule that the statute generally does not apply to employer/employee relationships. See Debnam v. FedEx Home Delivery, 2011 WL 1188437, *2 (D. Mass. Mar. 31, 2011). The court held that "it is inconsistent with the overall gist of [Debnam's] complaint, especially the claims under the Massachusetts statutes [applying only to employees], for him to assert that he is within the scope of Chapter 93A because he is an independent contractor." Id. The court added that the "subsidiary factual pleadings of the complaint" did not support a conclusion that Debnam was an independent contractor. Id.

FedEx eventually sought summary judgment on Debnam's remaining claims. The company argued that Debnam could not recover under the wage law because the statute applies only to "'individuals' and not to business entities," citing Mass. Gen. Laws ch. 149, § 148B. Debnam, the company pointed out, had operated his delivery business at "first as a partnership and then as limited liability company." The district court rejected the

-5-

notion that "a person acting under the legal form of a partnership or limited liability company" is automatically ineligible to sue as an "individual" under the wage law.  It nevertheless found that, in the circumstances of this case, "the plaintiff's relationship with FedEx Ground was that of . . . a 'legitimate independent contractor' in a 'business-to-business relationship," precluding Debnam from recovering under the wage statute.  Debnam v. FedEx Home Delivery, 2013 WL 5434142, *1 (D. Mass. Sept. 27, 2013) (quoting an advisory from the Massachusetts Attorney General).  The district court therefore granted summary judgment to FedEx on Debnam's remaining claims.

Debnam appeals only the district court's decision to dismiss his Chapter 93A claim.

## II. Standard of Review

We review de novo the district court's dismissal of a claim under Federal Rule of Civil Procedure 12(b)(6).  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).  In deciding whether the district court properly dismissed a claim, we ask whether the complaint "state[s] a claim to relief that is plausible on its face," accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Moreover, "we may affirm on any basis apparent in the

record." <u>Young</u> v. <u>Wells Fargo Bank, N.A.</u>, 717 F.3d 224, 237 n.11 (1st Cir. 2013).

### III. Analysis

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws Ann. 93A, § 2(a). The statute contains one section pertaining to consumer transactions and another pertaining to transactions between businesses or people engaging in business. <u>See</u> Mass. Gen. Laws Ann. 93A, §§ 9, 11. We assume that Debnam is proceeding under the latter section, section 11, rather than the former.[3]

The relevant statutory provision creates a cause of action only if both parties were engaged in "trade or commerce" when they took part in the transactions giving rise to the suit. Mass. Gen. Laws Ann. 93A, § 11 (creating liability when "[a]ny person who engages in the conduct of any trade or commerce . . . suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice"); <u>Linkage Corp.</u> v. <u>Trustees of Boston Univ.</u>, 425 Mass. 1, 23 & n.33 (1997). Massachusetts courts have narrowed the scope of the statute by interpreting "trade or

_____

[3] If Debnam were pursuing a claim under section 9, his claim would fail because, among other things, Debnam did not plead that he sent a demand letter to FedEx thirty days before filing his complaint, a prerequisite for such a consumer suit. <u>See</u> Mass. Gen. Laws Ann. 93A, § 9(3).

commerce" to exclude various kinds of activities.  For example, the offering of services for sale qualifies as "trade or commerce" only when the services are "offered generally by a person for sale to the public in a business transaction."  Manning v. Zuckerman, 388 Mass. 8, 13 (1983).  Consequently, the statute  "is not available to parties in a strictly private transaction," such as someone seeking to sue his or her business partner.  Linkage Corp., 425 Mass. at 23 n.33.  For the same reason, an employee cannot bring a suit against his or her employer under Chapter 93A.  Id.; Manning, 388 Mass. at 13-14.

The parties therefore focus on whether Debnam's complaint precluded him from arguing that he was an independent contractor rather than employee.  The complaint was inartfully drawn, inviting a narrow reading as staking out only the position that Debnam was an employee.  It repeatedly alleged expressly that he was not an independent contractor.  And it contained neither the structure nor the express language of a pleading asserting claims in the alternative.  On the other hand, the factual allegations in the complaint could support a claim that Debnam was (as the court eventually held) an independent contractor.  As for the conclusory allegations that Debnam was not an independent contractor, we ordinarily do not heed a complaint's assertion of "legal conclusions couched as fact," relying only on its "[n]on-conclusory factual allegations."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d

1, 12 (1st Cir. 2011) (internal quotation marks, alterations omitted).[4]  That being said, it is remarkable that, once the district court announced how it read the complaint, Debnam never sought to amend it to make clear his intention to plead alternative characterizations of his relationship with FedEx.

Ultimately, we need not decide whether the district court properly read the complaint as necessarily incompatible with an alternative claim that Debnam was an independent contractor. Rather, we affirm because, even if the facts in the complaint can be read as preserving such a claim in the alternative, the complaint still fails to plead a violation of Chapter 93A.  As FedEx points out, the Chapter 93A claim depends in large but not sufficient part on establishing that Debnam and FedEx were interacting in "trade or commerce," within the meaning of Chapter 93A.  As we have previously suggested, the relevant inquiry "hinge[s] not on the label of 'independent contractor,' but on a fact-specific, case-by-case analysis into the type of relationship that the independent contractor has with the company at issue." McAdams v. Massachusetts Mut. Life Ins. Co., 391 F.3d 287, 303 (1st

---

[4] While one might argue that the conclusory statements nevertheless amounted to a judicial admission, FedEx does not take that position, perhaps aware of precedent indicating that "legal conclusions are rarely considered to be binding judicial admissions." Harrington v. City of Nashua, 610 F.3d 24, 31 (1st Cir. 2010) (quoting parenthetically Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 336 (6th Cir. 2007)).

Cir. 2004).[5]  Specifically, under Massachusetts precedent, we must determine whether Debnam's allegations plausibly support a conclusion that he was offering his delivery services "generally . . . for sale to the public in a business transaction."  Manning, 388 Mass. at 13.  If not, Debnam's claim is barred whether or not he was an independent contractor.  See id.; Benoit v. Landry, Lyons & Whyte Co., Inc., 31 Mass. App. Ct. 948, 948-49 (1991) (holding that a real estate salesman, even if an independent contractor of the defendant, was not engaged in "trade or commerce" because his relationship with the defendant was exclusive); Speakman v. Allmerica Fin. Life Ins., 367 F. Supp. 2d 122, 140 (D. Mass. 2005) (reaching the same result on similar facts).

As described in the complaint, Debnam's business was devoted entirely to providing delivery services to FedEx alone. Consequently, the complaint does not plausibly support a conclusion that Debnam engaged in trade or commerce by offering services for sale to the public.  Because Debnam has thus failed to allege facts that would plausibly support a conclusion that his interactions

---

[5] We noted in McAdams that it was not entirely clear "[w]hether an independent contractor can recover for a 93A violation . . . under Massachusetts law."  391 F.3d at 303.  We therefore resolved the case on other grounds.  Here, we ask not whether independent contractors are categorically ineligible to sue under Chapter 93A but rather whether Debnam was eligible under the facts alleged in his complaint.  We think that Massachusetts law clearly resolves that question.

-10-

with FedEx occurred in trade or commerce within the meaning of Chapter 93A, his claim was properly dismissed.

Having reached this conclusion, we need not devote significant attention to Debnam's argument that some of FedEx's conduct occurred immediately after his contract was terminated, thereby post-dating any employment relationship that may have existed. As we have explained, our conclusion does not depend on whether Debnam was employed by FedEx at any time. Rather, Debnam cannot prevail because his complaint fails to allege facts that his relevant conduct was undertaken in trade or commerce, either while he worked for FedEx, immediately afterwards, or at any other time.

## IV. Conclusion

For the foregoing reasons, we <u>affirm</u> the dismissal of Debnam's complaint.

<u>So ordered</u>.